THOMAS L. JAMES, Assignee,

*v.*

L. PARKMAN DEXTER *et al.*

*Filed at Ottawa November 17, 1884.*

1. APPEAL—*from Appellate Court—within what time it must be prayed.* An appeal from the Appellate Court to the Supreme Court must be prayed for within twenty days from the rendition of the judgment sought to be reviewed,—and this whether it is prayed for in term time or in vacation. The *proviso* in section 90 of the Practice act, "that such appeal *may* be prayed for at any time within twenty days after the rendition of such judgment," is to be understood as mandatory as regards the time, not merely directory.

2. SAME—*waiver of irregularity in that regard.* After the Appellate Court has granted an appeal from its judgment, to the Supreme Court, twenty-two days after the judgment was rendered, the fact that appellee's counsel were present in the first named court when the appeal bond was filed, and made objection to its wording, can not be regarded as a waiver of

the right to have the appeal dismissed as not having been prayed for in proper time. A motion in that court to dismiss the appeal could not have been entertained after allowing the appeal.

3. DISMISSAL OF APPEAL—*damages.* In a proceeding by attachment, judgment was rendered against garnishees, who paid the amount of the judgment into court. On appeal to the Appellate Court, the judgment of the trial court was affirmed. An assignee of the attachment debtor, who had interpleaded in the trial court, against whom there was no money judgment, appealed to this court. On dismissal of the appeal upon the ground it was not prayed in proper time, statutory damages were asked, but as the appeal did not appear tó be frivolous, it was not considered a case for damages.

4. CONSTRUCTION OF STATUTES — *when "may" means "shall."* The word "may," in a statute, means "shall" whenever the rights of the public or third persons depend upon the exercise of the power, or the performance ºof the duty to which it refers. The word has such meaning in the proviso of section 90 of the Practice act.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was a proceeding by attachment, instituted in the trial court by the appellees, as creditors of F. Mayer & Co. Garnishee process was served upon persons indebted to Mayer & Co., and judgment rendered against them. The garnishees paid the money into court. Thomas L. James, as assignee of Mayer & Co., and who had interpleaded in the suit, prosecutes this appeal from the Appellate Court, where the judgment of the trial court had been affirmed.

Mr. CHAS. L. EASTON, for the appellant.

Messrs. MOSES & NEWMAN, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

A motion is made to dismiss the appeal in this case, for the reason that it was not prayed in proper time.

Section 90 of the Practice act, (Laws of 1877, page 153,) under which the appeal was taken, provides that "any party

to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error, in the same manner as provided in sections sixty-seven and seventy (67, 70,) of this act for appeals to said Appellate Court: *Provided,* that such appeal may be prayed for at any time within twenty days after the rendition of such judgment, order or decree, whether such Appellate Court be in session or not; and if such appeal be prayed for in vacation, any one or more judges of such Appellate Court may make and sign all orders necessary for the perfecting of such appeal."

The judgment appealed from is a judgment in the Appellate Court, of affirmance. The judgment of affirmance was on May 20, 1884. No appeal was prayed for until June 11, 1884,—twenty-two days after the order of affirmance was entered. The statute is mandatory, and not directory. The word "may," means "shall" whenever the rights of the public or of third persons depend upon the exercise of the power, or the performance of the duty to which it refers. (*Kane* v. *Footh,* 70 Ill. 587; *Fowler* v. *Pirkins,* 77 id. 271.) The words of the statute, then, are very plain that the appeal must be prayed for within twenty days after the rendition of the judgment, which clearly was not done in this case.

As it is provided in the beginning of section 90, that a cause may be appealed to the Supreme Court in the same manner as provided in sections 67 and 70 of the act for appeals to the Appellate Court, and section 67 is, that appeals shall be prayed for at the term at which judgment is entered, it is insisted by appellant that the proper construction in this case is, that it is only necessary that the appeal be prayed and allowed *at the term* at which the judgment is rendered, and that the twenty days' limitation in section 90 limits the appeal to be prayed for in vacation, within twenty days after the last day of the term at which the judgment was rendered. Manifestly the word "manner," used in the 90th section, does not comprehend the *time* of praying for

the appeal, as that is specifically provided for in the proviso at the close of the section.. It is the *proviso* which prescribes the time for the praying of an appeal, and not section 67. Decisions under our earlier statute requiring appeals to be prayed for *at the time* of rendering the judgment, that that meant *at the term* at which the judgment was rendered, are referred to as in support of this construction contended for. But we do not regard them as bearing it out. The words here used, "within twenty days after the rendition of the judgment," are too explicit to allow of their being construed to mean "at the term" at which the judgment is rendered, and they being used in purposed variance from "at the term," in the 67th section.

As the appellees, by their attorneys, were present when the appeal bond was offered by appellant to be filed in the Appellate Court, and made objection to the wording of the bond, it is claimed that this was a waiver of the irregularity in the time of praying for the appeal. The appeal had already been allowed by the court, and any motion for its dismissal would not be in order in the Appellate Court, and we do not perceive that making objection to the bond was a waiver of anything. We are of opinion the motion should be sustained, and the appeal will be dismissed.

Appellees ask that the appeal be dismissed with statutory damages, the judgment below against the garnishees being $2930.95. In this case the money has been paid into court by the garnishees, as by law provided. There is no money judgment against appellant. The appeal does not appear to be frivolous, and we do not regard it as a case for the allowance of the damages asked for.

*Appeal dismissed.*