JOHN UTTER *et al.*

*v.*

E. S. JAFFRAY & CO.

*Filed at Mt. Vernon September 25, 1885.*

1. PRACTICE—*how to avail of error in the ruling of the trial court— by exception, motion in arrest, or for a new trial.* Where the *ad damnum* laid in the original declaration was $3000, but in the amended declaration it was laid at $1000, and the affidavit to hold to bail stated the indebtedness to be $2578.75, for which sum the court assessed the plaintiff's damages and rendered judgment, there being no exception taken, and no motion made in arrest or for a new trial, it was *held,* that as the error might have been obviated by amendment, if pointed out and insisted upon in the trial court, it afforded no ground of reversal.

2. Where a cause is tried by the court without a jury, if the court assesses the plaintiff's damages in excess of the *ad damnum* in the declaration, the defendant must except to the finding, or take advantage of the error by motion in arrest or for a new trial in the trial court, before he can make the objection in an appellate court.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This was an action on the case, commenced in the circuit court of Fayette county, by the firm of E. S. Jaffray & Co., against John Utter and George W. Utter. The damages laid in the orginal declaration were $3000. In the amended declaration they were laid at $1000. On the pleas filed by the defendants, a trial was had before the court, without a jury. The court found the defendants guilty as charged in the second count of the amended declaration, and assessed the plaintiff's damages at the sum of $2578.75, and rendered judgment against the defendants for that sum. That judgment was affirmed in the Appellate Court for the Fourth District, and the defendants bring the cause to this court on error.

Messrs. BELL & GREEN, for the plaintiffs in error:

The principle is elementary that a plaintiff can recover no greater amount of damages than the amount stated in the *ad damnum* of his declaration; and where the judgment is for more damages than are laid in the *ad damnum*, it will be reversed on writ of error. *Oakes* v. *Ward*, 19 Ill. 46; *Kelley* v. *National Bank*, 64 id. 541; *Brown* v. *Smith*, 24 id. 196; *Altes* v. *Hinckler*, 36 id. 275; *Walcott* v. *Holcomb*, 24 id. 331; *Rives* v. *Kumler*, 27 id. 291; *Linder* v. *Monroe*, 33 id. 388; *Pierson* v. *Finney*, 37 id. 29.

After the close of the term at which a judgment is rendered, the record can only be amended in matters of form and not in matters of substance. *O'Conner* v. *Mullen*, 11 Ill. 57; *Coughran* v. *Gutchens*, 18 id. 390; *Cook* v. *Wood*, 24 id. 295; *Goucher* v. *Patterson*, 94 id. 525.

The amendment allowed by the Appellate Court was in matter of substance, and not of form. *Brown* v. *Smith*, 24 Ill. 196.

The rule in regard to amendments announced in the above cases, has not been changed by any statutory provision, as section 23, chapter 110, of the Revised Statutes, only provides for amendments before final judgment.

Messrs. ASHCRAFT & STILLMAN, for the defendants in error:

Where an objection is such as to be obviated by amendment, if seasonably made in the court below, and is not urged below, it can not be taken advantage of for the first time in this court.   *Bowden* v. *Bowden,* 75 Ill. 111; *Railroad Co.* v. *Estes,* 96 id. 473; *Tug Boat* v. *Waldron,* 62 id. 221; *Zeigler* v. *Cox,* 63 id. 48; *Thompson* v. *Hoagland,* 65 id. 310; *Pugh* v. *Calloway,* 10 Ohio St. 488; *Rivereau* v. *St. Ament,* 3 Iowa, 118; *Crosson* v. *White,* 19 id. 109; *Hayeshill* v. *Cronin,* 4 Allen, 141; *Robinson* v. *English,* 34 Pa St. 324.

In *Parsons* v. *Evans,* 17 Ill. 338, a case tried by the court, this court said: "The statute gives the right in such case to assign error only where the decision assigned for error was excepted to, and we have no right to dispense with this requisition."   To the same effect are *Duncan* v. *Chandler,* 5 Bradw. 499; *Fire Ins. Co.* v. *City of Paris,* 8 id. 181; *Sherman* v. *Skinner,* 83 Ill. 584; *Manufacturing Co.* v. *Horton,* 74 id. 310; *Dickhut* v. *Durrell,* 11 id. 72; *Gibbons* v. *Johnson,* 3 Scam. 63; *Richwald* v. *Gaylord,* 73 Ill. 503.

The rule announced by the decisions cited by counsel for plaintiffs in error has been materially modified by subsequent legislative enactments and later decisions of our courts. *Thompson* v. *Sornberger,* 78 Ill. 353; *Tomlinson* v. *Earnshaw,* 112 id. 311.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Only two errors are assigned on the record in this cause: First, the Appellate Court erred in sustaining the motion to amend the declaration; and second, in affirming the judgment of the circuit court.

As respects the first error assigned, it is sufficient to say, as the record shows was the fact, the Appellate Court did not sustain the motion to amend the declaration, but refused it.

In support of the second error assigned, it is suggested the judgment in the circuit court was for a larger sum than the

*ad damnum* in the amended declaration filed by plaintiffs, on leave given by the circuit court for that purpose,—and that, it is said, was error, for which the Appellate Court should have reversed the judgment of the circuit court. A certified copy of the original declaration filed, on leave given, in the Appellate Court, shows the *ad damnum* was $3000. That is a sum larger than the judgment rendered. It further appears in the affidavit filed for a *capias*, plaintiffs claimed defendants were indebted to them in the sum of $2578.75, and in the writ issued, the sheriff, on arresting defendants, was directed to take bail in the sum of $3000, with sureties. In that way defendants were put on notice of what plaintiffs claimed, and for that reason could not be, and were not, taken by surprise when the court rendered judgment against them for the sum it did. But waiving this view, it is fatal to the position now insisted upon by defendants, that they took no exceptions in the trial court to the judgment rendered against them. No motion for a new trial or in arrest of judgment was made, nor did defendants save any exception to the decision of the court. Had they done so by motion for a new trial, or in arrest of judgment, or by any exception to the decision of the court, stating that the finding of the damages was in excess of the *ad damnum* in the amended declaration, the error could have been, and no doubt would have been, corrected at once, under the statute, on such terms as the court might have deemed equitable and just. But nothing of the kind was done. In *Parsons* v. *Evans,* 17 Ill. 238, it was held, unless the decision was excepted to, and that exception saved by a bill of exceptions, error could not be assigned on the finding of the court on the evidence. The doctrine of that case has been followed in many subsequent cases, and in the recent case of *James* v. *Dexter,* 112 Ill. 489, where the cases are cited.

This view is conclusive as to the questions made, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*