## Kewanee National Bank, Appellee, v. Frank P. Ladd, Appellant.

### Gen. No. 5,680.

1. BILLS AND NOTES—*essentials of notice of nonpayment.* A notice to an indorser of a promissory note of nonpayment must contain a description of the note, and it must show that the note has been presented and dishonored, and that the holder looks to the party notified for payment, but these requirements need not be stated in express words and it is sufficient if they follow by necessary or reasonable implication from the language used.

2. BILLS AND NOTES—*when notice to indorser of nonpayment is sufficient.* Where the payee of two promissory notes payable at a bank sells and indorses them to the bank, and the makers have no funds at the bank at the maturity of the notes, a notice with the indorser's name, designated as indorser, with the maker's names which states the "note" was not paid, which is not dated, but states when the notes were due and requests that such notice, delivered the day after the maturity of such notes, be given prompt attention, but does not state the note was presented to the maker, is sufficient in all respects as against the indorser.

3. BILLS AND NOTES—*demand for payment unnecessary.* By making a note payable at a particular place, the maker impliedly dispenses with the necessity of making any demand upon him either personally or elsewhere.

4. BILLS AND NOTES—*place to present note for payment.* The Negotiable Instrument Act of 1907, § 73, concerning the proper place to present a note for payment, is declaratory of the law merchant.

5. BILLS AND NOTES—*when notice of nonpayment is sufficiently served on indorser.* A notice of nonpayment of a promissory note,

placed in a stamped envelope having a return address, addressed to an indorser "City," the indorser being a well known business man of that city, and the only person in the city of that name, and his residence and place of business close to the post office, deposited in the post office in time for regular delivery by a letter carrier early the next morning, and which is not returned to the sender, sufficiently served on the indorser, even though the indorser testifies that he did not receive such notice.

7. BILLS AND NOTES—*when notice of nonpayment may be given by mail.* A notice, to an indorser, of the nonpayment of a promissory note, may be given by mail, where the parties live in the same city, without it being proved that the notice was personally delivered to the party addressed.

8. BILLS AND NOTES—*questions for jury.* The mailing of a notice of nonpayment in a return envelope to a well known business man, and the only man of the same name in the city, and the nonreturn of the letter furnishes presumptive evidence that the notice was received, and the indorser's positive denial of the receipt, leaves the question for the jury.

9. APPEALS AND ERRORS—*when judgment exceeding ad damnum in a declaration not reversed.* Where the ad damnum exceeded the amount due upon a note, at the time suit was brought, and the judgment exceeds the ad damnum by reason of the accrual of interest during a long delay in bringing the case to trial, which could not reasonably be anticipated, the judgment will not be reversed.

10. BILLS AND NOTES—*appeals and errors.* An objection that a judgment exceeds the ad damnum in a declaration cannot be raised for the first time on appeal.

Appeal from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

MORSE & DEMARATH and STURTZ & EWAN, for appellant.

ANDERSON & ANDREWS and JOHN T. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was a suit by Kewanee National Bank, indorsee, against Frank P. Ladd, indorser, on a promissory note for the principal sum of $1,000, dated at Kewanee, Illinois, July 1, 1903, payable one year after

Kewanee National Bank v. Ladd, 175 Ill. App. 151.

date to the order of Frank P. Ladd at the Kewanee
National Bank of Kewanee, Illinois, with interest, etc.,
signed by H. D. Cummings and A. J. Cummings and
indorsed by Frank P. Ladd, and which note Ladd had
sold to the bank. The declaration was in apt form to
charge Ladd as indorser. Ladd filed a plea of the gen-
eral issue and a second plea of an extension of time
of payment without defendant's knowledge or consent,
to which plaintiff replied double, denying the extension
and alleging that the extension was with the knowl-
edge and consent of defendant; a third plea of a fail-
ure to notify defendant of the dishonor of the note, to
which plaintiff replied double, that the bank did notify
defendant of the dishonor and that notice of the dis-
honor was waived; and a fourth plea to which a
demurrer was sustained, which action is not assigned
for error. Rejoinders were filed to these replications.
On a jury trial, plaintiff had a verdict for one thou-
sand dollars. A motion by defendant for a new trial
was granted. On a second jury trial, plaintiff recov-
ered a verdict and a judgment for $1,412.50. Defend-
ant below appeals and raises three questions: (1)
Was the notice of nonpayment sufficient? (2) Was
that notice duly served? (3) Must the judgment be re-
versed because it exceeds the *ad damnum* in the decla-
ration?

The notice was as follows:

"Frank P. Ladd,
Endorser.

Kewanee National Bank
Kewanee, Ill.

Cummings note
not paid to-day.

H. D. Cummings
                    Copy
A. J. Cummings

DEAR SIR:
    Your 2 notes for $1,000.00 each and Int will be due
at this bank July 1, 1904
    Please give this your prompt attention.
                        Respectfully
                            R. E. TAYLOR, Cashier.
please bring this notice with you.
    All papers subject to protest."

It is essential to the sufficiency of such a notice that it contain a description of the note, and that it shall show that the note has been presented and dishonored, and that the holder looks to the party notified for payment. All these requirements do not need, however, to be stated in express words, but it is sufficient if they follow by necessary or reasonable implication from the language used. It is said in 7 Cyc. 1106: "No particular words are necessary to constitute a good and sufficient notice of dishonor, and as the object of notice is to inform the party notified that the paper has been dishonored and that he is looked to for payment, it follows that a notice which informs the indorser of these two facts, either expressly or by necessary or reasonable implication or intendment is sufficient." Moreover, the indorser receiving such a notice is bound by facts within his own knowledge. Thus, it is said in 7 Cyc. 1109: "While an indorser is entitled to notice of dishonor, both because it is material to his interests and his contract provides for it, he cannot shut his eyes to facts within his own knowledge and rely for a defense upon mistakes or omissions which could not have resulted to his prejudice. Hence, with regard to the designation of the instrument, any form of description which is sufficiently accurate not to mislead him as to the instrument intended is sufficient. The absence of evidence of the existence of other similar obligations is material in determining such sufficiency, and circumstances may be shown to rebut any presumption of uncertainty." Appellant contends that this notice is only addressed to H. D. Cummings and A. J. Cummings. We hold that it is equally addressed to Frank P. Ladd, and that it specially informs him that he is the indorser upon the notes therein specified. The proof shows that there were two notes given by H. D. and A. J. Cummings on July 1, 1903, for one thousand dollars each, payable to appellant and by him sold and indorsed to appellee. Each was due July 1, 1904, and appellant was bound to know that

these were the notes referred to.   The notice is not
itself dated but it stated a date when the notes were
due and it informed the receiver of the notice that
"Cummings note not paid to-day."   The fact that the
word note was used instead of notes is not material.
It would be understood to refer to each note.   The re-
ceiver of the notice would understand that the note
was not paid on the date it was due, and the verdict
of the jury under the instructions of the court is equiv-
alent to finding that this notice was delivered on July
2, to appellant, and in the morning of that day.   Ap-
pellant would naturally understand that it meant that
the note was not paid on the preceding day.   It did
not state that the note had been personally presented
to the maker, but the note was payable at the bank,
and this notice shows that it was present at the bank,
and appellant knew that he had sold the note and de-
livered it to the bank, and the proof shows that H. D.
Cummings and A. J. Cummings had no money in the
bank with which to pay the note.   In 7 Cyc., 996, the
rule is thus stated:   "Where commercial paper is
payable at a particular office or other place, having or
leaving it at such place to be surrendered when paid
is sufficient demand, and presentment to the maker
or acceptor personally or at his place of business or
residence is not necessary.   If it is payable at a bank,
it is sufficient if the bank is its holder or if it is in the
bank at maturity ready to be surrendered when paid,
and a formal demand is unnecessary."   By making
it payable at a particular place, the maker impliedly
dispenses with the necessity of making any demand
upon him either personally or elsewhere.   Story on
Promissory Notes, section 234; Ewen v. Wilbor, 99 Ill.
App. 132.   The "Negotiable Instrument Law" of 1907,
sec. 73, art. 1, is declaratory of the law merchant.
"Please give this your prompt attention," was suffi-
cient notice to appellant that the bank held the note
and looked to him for payment.   While this notice
could be improved in form, we hold that under the

facts which the proof shows were known to appellant, it was a sufficient notice to him.

Was this notice served on appellant? Taylor testified that he was cashier of the bank at the maturity of this note; that at the close of business hours, that is, after four o'clock P. M. of July 1, 1904, he prepared a notice and a copy thereof and compared them (the copy being the one in evidence above set out); and prepared an envelope addressed to "Frank P. Ladd, City" which envelope had upon its corner directions to return it to the Kewanee National Bank if not called for in five days; that he delivered the notice and the copy and the envelope to Whitney, the teller of the bank. Whitney testified that he examined the notice and copy and then sealed up the notice in the envelope so addressed, and saw that it was postpaid, and put it into the post office at five o'clock P. M. of that day, and put away the copy in the files of the bank. He also testified that the envelope contained the return card above stated. The proof also showed that Frank P. Ladd was engaged in the monument business in the city of Kewanee, that he was a well known business man, that he was the only person of that name who lived in Kewanee or who received mail through the Kewanee post office, that his residence was at No. 316 North Main street and his place of business was at No. 318 North Main street, adjoining his residence and in the city of Kewanee, and about a block and a half from the post office and about two blocks and a half from the bank of appellee, and that his residence and place of business were within the carrier system then in use by the post office department in the city of Kewanee, and that he received his mail at that time regularly at his place of business, and that in the due course of business of that post office a letter addressed to "Frank P. Ladd, City" and put in the post office at 5 P. M. of one day, would be delivered at the said place of business of Frank P. Ladd between 7:30 and 8:00 A. M. of the next day, and that this envelope en-

closing said notice and bearing said return card was never returned to appellee. Frank P. Ladd testified that he did not receive it. He may, however, have been mistaken or may have forgotten. His testimony at this trial was more than seven years after July 2, 1904, and this suit was begun more than two years after the transaction in question, and that is a very long time for a person to remember a detail of this character. Moreover, he testified that his business called him away from Kewanee a great deal, and the proof shows that at the first trial he testified he did not know whether he was in Kewanee on July 2, 1904, or not. At this trial, he testified that his memory had been refreshed by examining his letter book in which he found copies of letters written by him on July 2, 1904, and in the forenoon of July 3, 1904. We do not understand him to mean that after seeing those letters he had an independent recollection of having been in Kewanee on those days, but that after having seen this letter book, he reasoned that he must have been at home on those two days. It was not necessary that proof should be made that he did receive the notice. It was sufficient if it was delivered at his place of business during business hours, even though he were absent and even though the person in charge of his office may not have communicated the notice to him. It is contended by appellant that though notice may be given by mail when the parties reside in different cities or towns, yet such a notice is insufficient if the parties live in the same city or town, unless some one testifies that the notice was personally delivered to the party addressed. Conceding that that was the former rule, we are of opinion that it has been modified to meet modern conditions. The modern rule is thus stated in 7 Cyc. 1103:

"Where a penny post or carrier delivery has been established in a city or town, notice may be given through such medium, the postage being prepaid, even where the parties reside in the same place, provided

it is mailed in time to be delivered on the day after dishonor.''

Numerous cases are there cited in support of that doctrine, and we call attention especially to Walters v. Brown, 15 Md. 285. We are of opinion that not only should what was done by the bank be considered a sufficient compliance with the rule requiring notice to the indorser, but also that the proof was such that the jury could find that the notice was actually delivered to him. Certainly, all the facts above stated, including the return card on the envelope and the non-return of the letter to the bank, furnish presumptive evidence that the letter was received by the party to whom it was addressed and it is said in 16 Cyc. 1070, that the addressee's positive denial of the receipt does not nullify the presumption, but leaves the question for the determination of the jury under all the circumstances, with such weight given to the presumption as they think it entitled to; and that the testimony of the addressee that the letter was not received should be regarded with caution where non-receipt, if proved, would relieve him of a burden. We therefore conclude that there was sufficient proof of notice to satisfy the requirements of the law, when believed by the jury and by the trial judge.

The *ad damnum* in the declaration was $1,300. The judgment exceeded that amount. Appellant argues that for that reason the judgment must be reversed. To this there are two sufficient answers: (1) The *ad damnum* exceeds the amount due upon the note at the time when the suit was begun. The excess above the *ad damnum* is for interest which accrued on the note after the suit was begun, during a long delay in bringing the case to trial which could not reasonably be anticipated. We are of opinion that for such excess the judgment should not be reversed. (2) Appellant filed a written motion for a new trial in which he specified the grounds relied upon, and the excess of the verdict over the *ad damnum* was not alluded

to in said motion. The point was not raised in the court below at all. If it had been, the court would have permitted the *ad damnum* to be increased or appellee would have reduced the verdict. Such an objection cannot be raised for the first time in a court of appeal. Utter v. Jaffray, 114 Ill. 470; Metropolitan Accident Ass'n v. Froiland, 161 Ill. 30; Leathe v. Thomas, 218 Ill. 246.

We do not find reversible error in the points argued. The judgment is therefore affirmed.

*Affirmed.*