## Sadie E. Wakenight, Appellee, v. F. D. West, Appellant.

## Gen. No. 6,714.

1. CORPORATIONS, § 144*—*what is a "calamity" within agreement to repurchase stock from purchaser in case of a "calamity."* Where an agreement for the sale of corporate stock provides that the seller will repay the purchase price to the purchaser "in case of a calamity, such as death or severe sickness" in the purchaser's family, evidence that the purchaser's daughter had a very severe cold, was overworked and became quite ill for a long time, and that the purchaser herself crushed her hand, while at work and was thereby rendered unable to work or to feed herself and was confined to her bed, is sufficient proof of a calamity within the contemplation of such contract.

2. EVIDENCE, § 39*—*presumption of receipt of mailed letter.* A letter properly mailed is presumed to have reached the person to whom it was addressed and to have been received by him in due course of the mail.

3. EVIDENCE, § 39*—*how presumption of receipt of mailed letter rebutted.* The presumption that a letter properly mailed reached the addressee in due course of mail may be rebutted by evidence that it was not actually received.

4. POST OFFICE, § 1*—*when receipt of letter question for jury.* Where the addressee of a letter properly mailed denies that he received it, it is for the jury to say whether, in all the circumstances, such evidence overcomes the presumption that the letter was received in due course of mail.

5. INSTRUCTIONS, § 159*—*propriety when part of a series.* An instruction which, taken in connection with other instructions on the same matter, correctly states the law, is proper even though, standing alone, it states the law incompletely.

Appeal from the Circuit Court of Ogle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920.

W. P. FEARER, for appellant.

JAMES L. McDOWELL, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

This suit was instituted in the circuit court of Ogle county by the appellee, Sadie E. Wakenight, against the appellant, F. D. West, to recover $700 which the appellee paid to the appellant for 12 shares of stock of the German-American Coffee Company, the basis for a recovery in the suit being a written agreement executed by the appellant to the appellee, which is as follows: "At any time in case of a calamity, such as death or severe sickness in Mrs. Wakenight's family, to with six months' notice give her $700 in cash for this stock. F. D. West." There was a trial by jury, and a verdict and judgment for the $700 against the appellant, and he prosecutes this appeal.

Several grounds are urged for reversal of the judgment. It is claimed that the evidence fails to show that the appellee suffered a calamity, such as death or severe sickness in her family, and that there is no evidence that the appellant received the six months' notice which was required to be given by the agreement; also that the court erred in giving one of the instructions.

The evidence shows that at the time of the transaction in question, both appellant and appellee lived at Leaf River in Ogle county. But shortly thereafter the appellant moved to Chicago, and continued to reside there. The calamity which befell appellee occurred in 1910, after she had purchased this stock. She testified that her daughter had a very severe cold, and was overworked, and became quite ill for a long time during the winter. And that appellee herself had to be in bed, and was not able to feed herself; that during her work, she had her hand crushed—the one that she was using—and therefore was unable to do any work; that she then wrote to the appellant and informed him of the distress she was in, and that she would like to have him do as he agreed, and pay her

back the money, but received no reply. That she wrote twice without receiving any reply; that the letters she wrote were by her addressed to the appellant,'to Chicago, and deposited in the post office at Leaf River properly stamped. The appellee had the home address at Chicago of the appellant at that time; and she testified that these letters which she wrote were addressed to that home address; she also testified that she had had previous correspondence with the appellant which had been addressed in the same way; and a letter was produced during the trial, which the appellant admitted was in his handwriting, which was a reply to one of the letters that the appellee had written and mailed to him concerning the certificate of stock in question. The appellant, as a witness in his own behalf, denied that he knew of any letters from the appellee; and positively denied that he had received the letters appellee had mailed to him requesting him to pay back the money. We are of opinion that the proof concerning the sickness in appellee's family, and the crushing of her hand which disabled her from performing any work, was sufficient proof of a calamity such as the contract contemplated should create the obligation on the part of the appellant to take back the stock and pay the $700. It is well settled law that a letter properly mailed is presumed to have reached the person to whom it is addressed, and to have been received by him in due course of the mail. *Ashley Wire Co. v. Illinois Steel Co.*, 164 Ill. 158; *Young v. Clapp*, 147 Ill. 176; *Clark v. People*, 224 Ill. 554. And this court so held in *Kewanee Nat. Bank v. Ladd*, 175 Ill. App. 151, and *Haj v. American Bottle Co.*, 182 Ill. App. 641. It is true, that this presumption may be rebutted by evidence showing a letter mailed was not actually received. And in this case the appellant testified that he did not receive the letter; and if the jury had believed the appellant, the presumption of law would have been rebutted; but it is evident that the jury did not believe

the appellant, and it was the province of the jury not to do so, if they thought his testimony in that regard unworthy of belief. In determining this matter, undoubtedly the jury took into consideration the circumstances, which had a bearing upon the question of his veracity, such as his interest in the result of the case, his demeanor and appearance, and conduct as a witness, as well as the fact that he denied all knowledge of having received any letters from the appellee, when it clearly appeared in evidence later that he had received and had replied to at least one letter, which had been mailed to him prior to the letters in question. If he did receive the letters he had more than six months' notice prior to the commencement of the suit of appellee's claim.

The instruction which appellant complains of merely contains a statement of the law concerning the presumption that follows from the mailing of a letter properly addressed and stamped in the government post office. It should be considered, however, in connection with instructions 1, 3 and 4, which were given for the appellant, especially instruction 4, in which the jury were told that even though the appellee wrote a letter or letters to the appellant informing him of severe sickness in her family, and asked him to repay her the $700, that this would not entitle her to recover, unless the jury further believed that the defendant received such letter or letters. This put before the jury directly the determination of the question whether the appellant had actually received appellee's letters containing the notice, and the jury evidently reached the conclusion that he did; and we cannot say that the jury were not warranted in so finding.

The judgment is affirmed.

*Affirmed.*