JAMES BRAIDWOOD

v.

HERMAN WEILLER.

1. PRACTICE—*trying case out of its order on docket.* The "five-day rule" of the Superior Court of Cook county, whereby a cause may be brought to a speedy trial before it is reached on the regular call of the docket, upon the affidavit of the plaintiff's attorney, is void, as being inconsistent with the general Practice act, and it is error to take up and dispose of a case, under such rule, out of its order on the docket, against the defendant's objection.

2. SAME—*shifting grounds upon error.* Where a plaintiff, filing an affidavit of his claim with his declaration, afterwards proceeds, by affidavit, for a speedy trial, under a five-day rule which is void, and under that procures a trial of the cause out of its order, he can not, on appeal or error, change his ground and insist that he was entitled to judgment for want of an affidavit of merits to the defendant's plea.

3. SAME—*when no affidavit of merits is filed.* The usual way of taking advantage, under the Practice act, of the want of an affidavit of merits accompanying the defendant's plea, where the plaintiff has made an affidavit of his claim, is by motion for judgment as in case of a default, or to strike the plea from the files.

APPEAL from the Superior Court of Cook county ; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HILL & DIBBELL, for the appellant.

Mr. ADOLPH MOSES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit brought in the Superior Court of Cook county, by the plaintiff, as indorsee of a promissory note made by the defendant. The plaintiff filed with his declaration an affidavit, showing the amount due to him from the defendant, etc., as provided by the statute in that regard. The suit was brought to the February term, 1877, and the declaration filed January 26, 1877. On February 5, 1877, the defendant filed a plea of the general issue, having attached to it his affidavit of his non-residence in Cook county at the time of the com-

mencement of the suit, and since, and of his residence in Will county. On the 13th day of February, 1877, the plaintiff, by his attorney, moved the court for a speedy trial of the cause, under what is known as the " five-day rule " of that court, submitting in support of the motion, in compliance with the requirement of the rule, an affidavit of the plaintiff's attorney, of his belief that the defense was made only for delay, with proof of the giving to the defendant's attorney five days' notice of the application, with a copy of the affidavit.

The defendant, by his attorney, in resistance of the motion, submitted to the court the record and dockets of the court, and the calendar of the court for that term, from which it appeared that the call of cases for February 13, 1877, was from term number 7557 to term number 7628, while the term number of this cause was 14,429, and that this cause was not upon the trial calendar for that term ; and objected to the granting of the motion for several enumerated reasons, one being that the rule named was contrary to the statute of the State regulating trials in courts of record, and was therefore void. But the court overruled the objections and granted the motion, and ordered an immediate trial of the cause; whereupon the court ordered a jury to be called to try the cause, to all which exception was taken. The jury found for the plaintiff and assessed his damages at the sum of $516.66, for which, after overruling a motion for a new trial, judgment was entered in favor of the plaintiff, and the defendant appealed.

This court has, in a number of cases, passed upon the validity of this same "five-day rule" in question, and pronounced it void and of no effect, as being inconsistent with the general Practice act, in force July 1, 1872, and that it was error to take up and dispose of a case out of its order on the docket, under that rule, against the defendant's objections. *Fisher* v. *Nat. Bank of Commerce,* 73 Ill. 35 ; *Kidder* v. *Rand et al.* ibid. 38; *Angel* v. *Plume and Atwood Mfg. Co.* ibid. 412; *Griswold* v. *Shaw,* 79 id. 449. The present case appears to fall within the above and to be governed by their authority.

Some question is made as to whether, under the peculiar language of section 36, of the Practice act of 1874, a non-resident of the county is required to file with his plea an affidavit of merits, and whether there is here any evidence of the non-residence of the defendant, the affidavit thereof not being incorporated in the bill of exceptions, which questions we do not find it necessary to consider, as we regard the proceeding and decision here complained of as not having been under the Practice act, but as based entirely upon the rule in question. The more usual way of taking advantage, under the Practice act, of the want of an affidavit of merits accompanying the plea, when the plaintiff, as here, makes an affidavit of his claim, is by motion for a judgment, as in case of default, or by motion to strike the plea from the files for want of such affidavit. But no such motion was made, nor proceeding taken, so far as appears, in the respect of there being no affidavit of merits; but the plaintiff apparently abandoned any further reliance upon, and action under his affidavit of claim filed with his declaration.

Instead thereof, he moved the court for a speedy trial under the "five-day rule" of that court. All the steps were carefully taken under that rule, and in conformity with its requirement, and the entire action appears to have been thereunder.

Had proceeding been taken for want of an affidavit of merits being filed with the plea, cause might have been shown for an extension of the time for filing such affidavit, as the statute provides for. As the court overruled the objection made against the validity of the rule, we must suppose that the only showing that would have arrested the action of the court and the operation of the rule would have been an affidavit setting out the facts in detail upon which the defendant relied for his defense, such as the rule required to be made. Had defendant filed an affidavit simply, of a defense on the merits, to the whole of plaintiff's demand, all that is required by the general Practice act, we must think that would have been of no avail,

for the court was proceeding in conformity to a rule where-
with such an affidavit would have been no compliance. We
must consider the proceeding and adjudication to be entirely
under that rule, as they profess to be. It is not admissible for
the plaintiff to now change his ground, and insist that as he
had filed an affidavit of his claim with his declaration, he was
entitled to judgment against the defendant because he did not
file with his plea an affidavit of merits.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*