## Marjorie Fairfield, Appellee, v. Union Life Insurance Company, Appellant.

### Gen. No. 20,966.

1.  INSURANCE, § 868*—*when falsity of answers in application must be pleaded and proved.* A condition in a policy of life insurance that the policy "shall not take effect until the first premium has actually been paid to and accepted by the company, and the policy actually delivered to and accepted by the insured while in good health," is a matter of defense and not a condition precedent to be averred and proved in order to maintain an action on the policy, so that where the defense is grounded on the falsity of answers made in an application which is made part of the policy, such falsity, to be available in defense, must be averred and proved by defendant, whether such condition in the policy be a representation or a warranty.

2.  INSURANCE, § 854*—*when provision in application requiring good health and acceptance of premium not condition precedent.* A condition in an application for a policy of life insurance for verifying the truth of the answers therein made by the applicant and providing that the policy shall not take effect until the first premium is accepted by the company, and the policy delivered to insured "while in good health," is intended to safeguard insurer against the contingency that in the interim between the acceptance of the risk and the delivery of the policy insured's health may become impaired, hence such a condition has no application where the contingency guarded against never happened.

3.  INSURANCE, § 763*—*how incontestable clause should be construed.* Provisions in policies of life insurance that after a named time the policy in question shall be incontestable are reasonable and must be strictly construed against insurer, as such provisions inure to the benefit of insured and are intended to induce persons to become policy holders.

4.  INSURANCE, § 763*—*incontestable clause as waiver of avoidance on other grounds.* A provision in a policy of life insurance that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"this policy is incontestable after one year, except for the nonpayment of premiums," precludes insurer, after the time fixed, from avoiding the policy on any ground except that expressly reserved, the language being clear and explicit, because any other holding would destroy the value of such a provision.

5. INSURANCE, § 740*—*how provision for extension of time for payment of premium should be construed.* A provision in a policy of life insurance that insurer may have an extension of thirty days in which to make payment of premiums after the time fixed by the policy for such payment, on condition that insured pay five per cent. interest on the amount of such premiums during such extension, is a provision intended for the benefit of insured and intended to induce him to become such.

6. INSURANCE, § 763*—*when the taking effect of incontestable clause not postponed.* In an action to recover on a policy of life insurance containing a provision making the policy incontestable after the expiration of one year and a provision that on certain conditions insured might have an extension of the time fixed by the policy for payment of premiums, where the second payment of premium was tendered after the time fixed in the policy for such payment but within the extension allowed thereby, and more than one year after the payment of the first premium, defendant's contention that as he took advantage of the extension of time for payment of premium allowed by the policy the taking effect of the incontestable clause was also postponed, hence that at the time of such tender such clause had not taken effect, *held* negatived by the facts that up to the time of such tender defendant had taken no steps to avoid the policy, and that during the period of extension allowed by the policy defendant wrote insured urging him to make payment before such extension period expired in order to avoid lapse, such letter amounting to an affirmation that the policy was still in force.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915.

**Statement by the Court.** This is an action in assumpsit brought by Marjorie Fairfield, appellee (plaintiff below), against the Union Life Insurance Company, appellant (defendant below), upon two insurance policies issued on December 7 and 27, 1910, respectively, by the defendant to Edward B. Fairfield, husband of the plaintiff, and to whom we shall hereinafter refer as the insured.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The declaration consisted of three counts: The first declared on policy #2482, dated December 7, 1910, in the sum of $5,000, the insured being Edward B. Fairfield and the beneficiary Marjorie Fairfield, under the name of Marjorie B. Fairfield. It set forth the usual allegations, viz., the issuance of the policy, its terms, payment of the premium, death of the assured, and the giving of notice and making proof thereof to the company. The second count was, in all respects, identical with the first, save that it declared upon policy #2706 dated December 27, 1910. The third count was a joint count declaring on the two policies, making the same allegations as to the two as were previously made as to each one. Both policies were attached to the third count and made a part thereof.

To these counts defendant filed a general and special demurrer, the special grounds (of the demurrer) being, in substance, that plaintiff had not averred performance of all conditions precedent to the recovery on the contracts or shown a waiver thereof by the defendant. Upon the demurrer being overruled, a plea of general issue was filed, with notice of special defenses. The substance of the special matters of defense as set forth in defendant's brief was as follows: "That the contracts or policies of life insurance never came into existence by reason of the fact that a certain condition precedent was not complied with, to-wit, the acceptance of the policy by the insured and the payment of the premium by the insured while the insured was in good health, and second, that the policies were not delivered to the insured or accepted by the insured while he was in good health in accordance with the terms of the policy; that the insured represented in the application that he had never been refused insurance by any other company prior to applying to the Union Life Insurance Company for insurance, whereas he had been refused insurance by a number of companies and as late as a month prior to making application to the

defendant company herein, and that not only that, but that he knew he had been refused insurance and had wilfully and fraudulently denied the fact in his application to the defendant company. Further, that the assured knew that he was not in a proper state of health and made various misrepresentations as to his condition of health, as to his use of liquors, etc.''

Upon the trial of the case plaintiff introduced evidence in support of the allegations set forth in her declaration. At the close of the plaintiff's testimony defendant moved for an instructed verdict, on the same grounds as were set forth in its special demurrer, viz., that plaintiff had failed to prove all the conditions precedent to a recovery, which motion was denied. Defendant then offered evidence in support of its plea of general issue and the special defenses therein set forth. All its tendered evidence was excluded by the court, except certain documentary evidence, consisting of defendant's exhibits 2, 3, 4 and 5, being the applications in connection with the policies sued upon, the statements to the medical examiner and a notice of change of beneficiary, respectively.

At the close of all the evidence defendant renewed its motion for an instructed verdict, which was again denied. Plaintiff then tendered a motion to instruct the jury to return a verdict for the plaintiff and to assess her damages in the sum of $11,006.95, which instruction was given by the court over the objection of the defendant. A verdict was returned in accordance with said instruction, and upon such verdict the judgment was entered, to reverse which defendant has prosecuted this appeal.

EASTMAN & WHITE, for appellant; RALPH R. HAWXHURST, of counsel.

CHARLES J. O'CONNOR, R. HAROLD O'CONNOR and EDWARD C. KESLER, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

Defendant assigns five reasons in support of its contention for reversal, viz.:

"(1)    That the court committed error in refusing to allow the defendant to prove the fraud practiced by the plaintiff in obtaining the policies, through the false representations made in the applications and which became warranties under the law as hereinafter shown.

"(2)    That the court erred in refusing to instruct a verdict for the defendant, both at the close of the plaintiff's case and at the close of all the evidence, in that the plaintiff failed to prove as a part of its case a condition precedent to the right of recovery, to-wit, that the insured received the policies and paid the first premium while he was in good health in accordance with the terms of the contract and his express agreement in the application.

"(3)    That the court erred in ruling that the incontestable clause prevented any contest being made on the policy in that the incontestable period under the proper construction here contended for had not expired, the second premium being tendered only during the days of grace and never being accepted by the company.

"(4)    That the court erred in instructing a verdict for the plaintiff for the reasons above set forth and for the further reason that the question of compliance with the condition precedent is a matter of fact for the jury, regardless of any other evidence offered and under the general issue that fact as well as other facts were put in issue which should have gone to the jury, as hereinafter commented upon.

"(5)    That the court erred in overruling the defendant's motion in arrest of judgment in that the declaration failed to allege the performance of the condition precedent heretofore suggested."

These contentions of the defendant depend, first, upon a clause in the policies which is in part as follows:

"The policy shall not take effect until the first premium has actually been paid to and accepted by the company or its authorized agent and the policy deliv-

ered to and accepted by the insured while in good health;''

and further, upon that part of the applications which under the terms of the policies is made a part thereof, and which is as follows:

''That every statement and answer herein above contained, and every statement I make to the company in this application is true, that this application shall be a part of the policy issued hereupon, and that such policy shall not take effect unless the first premium shall be actually paid in cash while I am in good health.''

Defendant contends that by this provision in the policies and in the applications, before plaintiff could recover, she had first to allege in her declaration and prove as part of her case, as a condition precedent, that the insured at the time the first premiums were paid and the policies delivered was in good health.

As against this contention of the defendant, plaintiff urged, first, that these provisions in the policies and in the applications were not conditions precedent, and furthermore, that even though they were, under the facts in evidence, such defense could not be made because of the incontestable clause in each policy, which was as follows: ''This Policy is Incontestable after one year, except for the non-payment of premiums.'' To meet this claim, defendant urges that the plaintiff was not entitled to the benefit thereof. This, however, is a separate contention which will be considered later in the course of our opinion.

In passing upon the various contentions of the parties, it is necessary to set forth certain essential facts in evidence concerning which there is no dispute.

There were two policies of insurance, each for $5,000, issued on the 7th and 27th of December, 1910, respectively. The premiums for the first year, amounting to $381.70, were paid. In July, 1911, the insured's daughter was named as beneficiary in place of his wife, but in October following, this action was rescinded, leaving

the wife as the beneficiary.   In November, 1911, defendant mailed to the insured notices for the payment of the annual premiums due on these policies.   In the instance of policy number 2482, the notice read in part as follows:

"You are hereby notified that the annual payment of $190.85 will be due the 7th day of December, 1911, and must be paid at the Home Office of the Company in Chicago, Ill., or to our authorized agent in exchange for the Company's official receipt, duly countersigned by A. E. Fowler."

The other notice was the same, save as to the maturity of the payment, which in the instance of policy number 2706 was December 27th.   On December 30, 1911, the following letter was sent by the defendant to the insured:

"The annual premium on your policy # 2482 for $190.85 was due Dec. 7th.   Please give this premium your candid consideration, as the same will lapse the 7th of next month.   To renew thereafter would require your signature to a health certificate, etc., and this we believe you as well as ourselves wish to avoid.

"You realize as well as we do that there is no better asset than a life policy.   Aside from the protection you give your family or beneficiary, it is one of the best collaterals as security that you can obtain.   While we do not believe it is your intention to drop your policy, we wish to remind you that you may have the matter in mind before the expiration of the 30 days of grace.   We cannot insist too strongly on your retaining the same.   Should you deem the policy too large for you to carry, we will with pleasure reduce it or change it to any kind of policy you might prefer to carry.

"Please be kind enough to give us your reply, and awaiting the same with your remittance, we remain,
Yours very truly,<br>A. E. FOWLER,<br>Assistant Secretary,<br>W."

It was stipulated that on or about the 4th of January, 1912, plaintiff had made tender to the defendant of the second year's premiums, which tender was refused. The insured died on February 22, 1912, and the notice and proof of his death were made as required under the policies. All this evidence was offered as part of the plaintiff's case.

In support of its contention that the first premium must be paid in cash and the policies delivered to the insured while in good health, as a condition precedent, defendant cites some Illinois decisions. Counsel, however, admits that in none of them has such condition in the policies been passed on, but argues by analogy for his contention, viz., that in those cases it is held that the payment of the premium is one of the conditions precedent which must be alleged and proven; that therefore in the case at bar, the payment of the first premium being qualified by the words, "while in good health," necessarily the condition precedent as to the payment of the premiums carries with it such qualification. An examination of the case of *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474, which is typical of the Illinois cases cited on this point, shows that the question of the insured being in good health at the time of the payment of the premium and the delivery of the policy was not in issue. However, in that case it was held that the truth of the answers to the questions in the application and which, by the terms of the policy, were made a part thereof, was not a condition precedent which had to be averred and proven. On the contrary, it was there held that to be availed of as a defense, whether they were warranties or representations, their falsity must be set up and proven by the defendant as a matter of defense. This principle of law has been announced in previous decisions by our Supreme Court.

One of the clauses relied upon by the defendant is contained in the general provisions appearing on the back of each policy and is expressly made a part thereof. The other provision relied on is contained in the applications. If any reasoning by analogy can be indulged in from this decision, in our opinion it is favorable to the contention of the plaintiff that these provisions did not constitute a condition precedent.

The defendant placed in evidence the applications of the insured for the policies in question and the record of the examination made by its medical examiner in connection with said applications. The obvious purpose of propounding the questions in the applications, and of making a medical examination of the insured before issuing the policies, was to determine his general state of health *at that time*. That the defendant considered the health of the insured satisfactory is evidenced by the delivery of the policies and the acceptance of the first year's premiums. The record herein shows that a period of time elapsed between the date of the applications and the medical examination above referred to, and the delivery of the policies. It is fair to presume that this situation arises in almost every instance where the defendant issues a policy. In that interim the insured may have become seriously ill or suffered a severe injury greatly impairing his health. It is therefore fair to presume that the provision that said policy "shall not take effect until the first premium has actually been paid to and accepted by the company and the policy delivered to and accepted by the insured while in good health," was intended to safeguard the defendant against any contingencies that might arise during such interim, and not as a condition precedent for the plaintiff to aver and prove; and as there is no contention that such contingency has arisen in the case at bar, the provision here under consideration can have no application.

Counsel, however, places great reliance in *Anders v. Life Ins. Clearing Co.,* 62 Neb. 585; but in that case the facts are so completely different from the facts in the case at bar that the ruling of the court therein cannot be held to apply. In the first place, the facts with reference to how the insurance was obtained are different. The provision there under consideration was as follows:

"This policy shall not take effect until the first premium thereon shall have been paid to the company, or to some person authorized by the company to receive it, in accordance with the premium receipt accompanying the same, and while the insured is in good health, *as evidenced by health certificates properly executed and furnished to the company.*" (Italics ours.)

The court in that case did not hold that as a condition precedent it must be averred and proven that at the time the first premium was paid and the policies delivered the insured was in good health, but that before there could be a recovery, it was necessary to aver and prove that the insured had submitted the health certificates as provided for in the policy. We cannot construe such a holding as supporting the contention of the defendant.

Plaintiff further contends that under the incontestable clause in the policies, if said clause applied, the only defense available was the nonpayment of the premiums. Said clause provided as follows: "This Policy is Incontestable after one year, except for the nonpayment of premiums," and no doubt was incorporated in the policies as an inducement to secure business, as it could only have been intended to inure to the benefit of the holder of the policy. Such a provision has been held by our courts to be reasonable (*Royal Circle v. Achterrath,* 204 Ill. 549; *Flanigan v. Federal Life Ins. Co.,* 231 Ill. 399), and must be strictly construed against the defendant.

Defendant contends that the incontestable clause never took effect because the policy was not in force. The essence of defendant's contention in this regard is, that the incontestable clause was a conditional agreement dependent upon whether or not at the time of the delivery of the policies and the payment of the first premiums, the assured was in good health; that therefore, even though plaintiff was not required to show that he was in good health as a condition precedent, yet such defense having been specially noticed under the general issue, defendant should have been allowed to make proof thereof; that the evidence offered under this defense, but excluded by the court, would have demonstrated conclusively that the plaintiff could not have shown that at the time the policies were delivered and the first premiums paid, the insured was in good health—a condition precedent to the policies being in force. This same point was passed upon in *Mutual Reserve Fund Life Ass'n v. Austin*, (73 C. C. A. 498, 142 Fed. 398), 6 L. R. A. (N. S.) 1064, in which case the incontestable clause provided for a three-year period, and therein the court said (p. 1065):

"In construing this incontestable clause, we must not lose sight of the fact that it relates, not to the risk at the date of the policy, but at a period three years later, and to a risk that is different in character.

"The agreement concerning the original assumption of risk is distinct and independent from the agreement that the policy, after it has been outstanding three years in the possession of the assured, shall be incontestable. The document contains two separate agreements by the company: (1) To insure conditionally for three years; (2) to relinquish defenses after three years. Each of these forms a part of the consideration for which the assured pays his money. They relate to distinct subject-matter, to different dates. * * *

"The term 'incontestable' is of great breadth. It is the 'policy' which is to be incontestable. We think the language broad enough to cover all grounds for con-

test not specially excepted in that clause. The word 'policy' may well be taken to mean a formal document delivered by the company, and containing evidence of an obligation to pay. Such a document so delivered is ordinarily contestable, with reference to questions arising in connection with its delivery and payment of the first premium, as well as with reference to statements contained in the application. * * *

"The argument that the policy was not in continuous force is predicated upon an extrinsic fact not appearing upon the face of the policy, to wit, the fact that the assured was not in good health at the date of delivery of the policy. In setting up, or even in relying upon, this extrinsic fact, the company is contesting its policy as evidence of its obligation. If the company is at liberty to set up this fact after the lapse of more than five years, it is equally at liberty to set it up after the lapse of forty years. Instead of being an incontestable policy, if we adopt the defendant's argument, the policy is always contestable."

We unqualifiedly approve of the reasoning of the court in the aforesaid case. The language in the incontestable clause in the case at bar is clear and explicit, and unquestionably provided that after one year, the policy having been delivered and the first premium paid, said policy could not be avoided save for the ground specially reserved, viz., the failure to pay the premiums. To hold otherwise would utterly destroy the value of any incontestable clause.

The defendant further contends that even if said policies were in force, the incontestable clause had not yet taken effect, because plaintiff had not paid the second premiums at the end of the first year. The evidence shows, however, as already stated, that a tender of the premiums due on both these policies was made on January 4th, the insured evidently taking advantage of the provision in the policies permitting one month's grace in the payment of the premiums after the first, subject to an interest charge of five per cent. per annum. Defendant contends, however, that this act on the part

of the insured extended the application of the incontestable clause until after the tender of the premiums. In other words, defendant argues that while the period of incontestability is by the express terms of the policy one year, yet if the thirty days of grace on the payment of the premium is taken advantage of by the insured, the period of incontestability is thereby extended a corresponding period.

This provision whereby the payment of the premiums was extended thirty days must also be considered as an inducement for a person to become a policy holder and intended for his benefit. Moreover, there is a consideration for the extension, viz., the payment of five per cent. interest. There is nothing contained in the language of this provision which will permit of the construction contended for here by the defendant. Counsel depends entirely in his argument upon the fact that because the premium was not paid or tendered at the end of the first year, defendant had the right to refuse it when afterwards tendered, and that such refusal on its part was a notice that defendant intended to avoid said policies. The record is clear, however, that no affirmative act was taken by the defendant to avoid the policies until after the tender of the premiums, which was more than a year after the first premiums were paid and the policies delivered. In the stipulation entered into between the parties at the time of the trial, wherein it was agreed that the tender of the premiums had been made within the period of grace and refused by defendant, there was nothing stated that said refusal was based upon any reason advanced in the contentions of the defendant on this appeal. Moreover, the record shows that after both policies had been in force for more than a year, defendant, on December 30, 1911, wrote the insured reminding him that the period of grace was drawing to a close, that in order to save his insurance he should pay the premiums within that period.

The writing of this letter was an act affirming the policy in question. In fact, nowhere does it appear in the record in this case that any action was taken by the defendant indicating a desire to terminate the policies, until after the tender of the premiums had been made—more than a year after the issuance of the said policies. We cannot, therefore, for any of the reasons advanced, concur in the contention of the defendant that the incontestable clause had not taken effect, but must hold the contrary.

There is the further contention that the court erred in refusing to admit in evidence the proof offered by defendant to show that the answers made by the insured to questions propounded in the applications for policies were false, and the insured having warranted his answers to be true, the insured thereby practiced a fraud, because of which the company had the right to avoid the policies. We having held that the incontestable clause had become effective, such defense was absolutely unavailing, and the evidence to establish the alleged fraud was clearly inadmissible.

Defendant's further contention that the court erred in instructing the jury to allow interest on plaintiff's claim is without merit. Finding no reversible error, the judgment will be affirmed.

*Affirmed.*