## Mary E. Stauber, Appellee, v. Leo Stauber et al., Appellants.

## Gen. No. 6,647.

1. APPEAL AND ERROR, § 1845*—*when rehearing will be granted after amendment of bill of exceptions.* Where the absence from the bill of exceptions of a plea which had been stricken from the files below was not raised by the appellee when amendment could have been made before the cause was submitted and the appellant procures an amendment of the bill of exceptions in the lower court so as to include the plea in the bill of exceptions, the Appellate Court will grant a petition for a rehearing so that the lower court's ruling may be reviewed.

2. PLEADING, § 148*—*when affidavit of claim is sufficient.* Where the nature of the cause of action is fully disclosed by the affidavit of claim when considered in connection with the declaration and copy of a bond thereto attached, the refusal to strike the affidavit from the record is proper.

3. PLEADING, § 153*—*when affidavit of merits is insufficient.* Since the enactment of section 55 of the Practice Act of 1907 (J. & A. ¶ 8592), affidavits of merits filed with a plea of *non est factum* which merely state that the plea is true are properly stricken from the files.

4. PLEADING, § 153*—*when affidavit of merits does not show meritorious defense.* In an action of debt upon a bond given for the payment of instalments of alimony, defendant's affidavit of merits examined and *held*, when taken in connection with the record and with the matters to which it omits reference, not to establish a meritorious defense and to have been properly stricken from the files.

5. APPEAL AND ERROR, § 968*—*when bond will not be considered on review, record being incomplete.* In an action of debt on a bond given by plaintiff's former husband for the payment of the instalments of alimony provided for in the divorce decree, it is not ground for reversing a judgment for plaintiff that the bond embodies a condition not required by the decree, where the order requiring the bond is not embodied in the record and it is not sought, in the action, to enforce the supposedly superfluous condition.

6. PLEADING, § 362*—*what is effect of order to strike affidavit of merits.* The fact that the court orders "the affidavit of merits"

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

stricken from the files, whereas there were three affidavits of merits on file does not prevent the cause from proceeding to judgment.

7. Pleading, § 362*—*when affidavit of merits should be stricken from files.* Under section 55 of the Practice Act (J. & A. ¶ 8592) it is not required that an insufficient affidavit of merits be stricken from the files before judgment can be rendered for plaintiff.

8. Pleading, § 153*—*what is effect of affidavit to portion of plaintiff's claim.* Section 55 of the Practice Act (J. & A. ¶ 8592) authorizes a judgment for plaintiff if defendant's affidavit set out a defense to only a part of plaintiff's claim.

9. Pleading, § 362*—*when affidavit of merits cannot be stricken.* Where defendant's affidavit of merits sets out a defense to a part of plaintiff's claim, it cannot be stricken.

10. Pleading, § 362*—*when striking of plea operates as default.* Where, in an action of debt on a bond, defendant's plea of *non est factum* is stricken from the files, a default will follow, even though his affidavit of merits is not stricken.

11. Depositions, § 34*—*when motion to strike deposition is properly denied.* A motion to suppress and strike from the files the deposition of the plaintiff in an action of debt on a bond who had moved out of the state, *held* properly denied.

12. Judgment, § 108*—*what is effect of striking plea as to default.* In an action of debt on a bond, after defendant's' plea of *non est factum* has been stricken, it is not necessary for plaintiff to offer any proof on the hearing on the default, except on the matter of computation.

13. Appeal and error, § 1703*—*when error as to amount of judgment is waived.* Where defendant did not move for a new trial, but moved to set aside the assessment of damages, assigning several special grounds therefor, and after judgment moved to set aside the judgment "upon the grounds hereintofore stated," and none of said grounds, all' of which are preserved in the bill of exceptions, refer to the fact that the assessment of damages and the judgment exceeded the *ad damnum* in the declaration, such objection is waived and cannot be raised on appeal.

14. Appeal and error, § 1703*—*when judgment will not be reversed because in excess of amount claimed.* A judgment should not be reversed because the *ad damnum* is exceeded by interest accruing during a long delay where a written motion for a new trial specifies the grounds relied on and such excess is not therein alluded to and the point is not raised in the court below.

Appeal from the Circuit Court of La Salle county; the Hon. Joe

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A. DAVIS, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 21, 1920.

BROWNE & WILEY and BUTTERS & CLARK, for appellants.

BOYS, OSBORN & GRIGGS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was an action of debt by Mary E. Stauber upon a bond given by her former husband, Leo Stauber, for the payment of instalments of alimony provided for in a decree of divorce which Mrs. Stauber obtained against her husband in the circuit court of La Salle county. The sureties on the bond were the father, two brothers and a sister of Leo Stauber. The sister was not served with summons and an entry of her appearance by attorneys was found to have been by mistake and was withdrawn by permission of the court and she was not included in the further proceedings. There was an affidavit of claim with the declaration. Defendants filed a plea of *non est factum,* and notice of special matter and certain affidavits of merits, which were stricken from the files, and there was a default and proofs and judgment against the defendants, from which they prosecute this appeal. Upon examining the record, we found that the plea which had been stricken from the files was not preserved in the bill of exceptions, and we held that in that condition of the record the plea was not before us and therefore the action of the court in striking the affidavits from the files could not be reviewed. Our opinion then filed (by Carnes, J., now deceased) was based upon *Barger v. Hobbs,* 67 Ill. 592; *Blair v. Ray,* 103 Ill. 615; *Harmon v. Callahan,* 286 Ill. 59; and *Witteman Co. v. Goeke,* 200 Ill. App. 108. We decided the other questions

against appellants and affirmed the judgment. Defendants procured an amendment of the bill of exceptions in the court below so as to include the plea in the bill of exceptions, and asked leave to file an additional record containing that amendment to the bill of exceptions. As the absence of the plea from the original bill of exceptions had not been raised by attorneys for appellees when the amendment could have been made before the cause was submitted, we concluded that the ends of justice required us to permit the amended record to be filed, and, this being done, we granted a petition by appellants for a rehearing, so that the ruling of the court below on those affidavits might be reviewed.

Defendants moved to strike the affidavit of claim from the files. That motion was denied, and it is argued here that that ruling was erroneous. Appellee in said affidavit stated that her demand is for alimony due her by virtue of a decree of a certain date in a certain cause then pending, wherein she was complainant and Leo Stauber was defendant, and the affidavit gave the dates when the four instalments here sued for became due, and stated that said decree was in full force and effect, and stated the amount due to plaintiff from defendants after allowing them all just credits, deductions and set-offs. The affidavit is perfect in form, except that it fails to state that the defendants are liable by virtue of a bond given to secure the payment of said alimony. It was held in *Haggard Bros. v. Smith,* 76 Ill. 507, and in *Gottfried v. German Nat. Bank,* 91 Ill. 75, that an affidavit of claim is sufficient if, in connection with the declaration, it shows the nature of the cause of action. Here, when the affidavit of claim is considered in connection with the declaration and copy of bond thereto attached, the nature of the cause of action is fully disclosed, and we hold that the court did not err in deny-

ing the motion to strike the affidavit of claim from the record.

The original affidavits of merits filed with the plea of *non est factum* were only that the plea was true. Prior to July 1, 1907, those affidavits would have been sufficient, but all the proceedings here involved were since that date, and by section 55 of the Practice Act of 1907 (J. & A. ¶ 8592) the affidavit of merits with the plea was required to specify the nature of the defense, which these affidavits did not do, and therefore they were properly stricken from the files. Thereupon Leo Stauber filed a lengthy affidavit, in which he attempted to state as a defense that the execution of the bond was procured under duress, and his father filed an affidavit of merits, repeating in part what the affidavit of Leo Stauber stated, and the brothers filed another affidavit of like tenor. It will be sufficient to consider the affidavit of Leo Stauber. By way of history it may be stated that appellee and Leo Stauber were before this court in relation to some of the matters involved in this appeal in 1912, in *Stauber v. Stauber*, 168 Ill. App. 179. The affidavit of Leo Stauber contained many words, such as "wantonly," "wilfully," "wrongfully," "fraudulently," "unlawfully," "illegally," which are expressions of opinion only and not statements of fact. A large part of the affidavit is devoted to an indictment returned against him by the grand jury of La Salle county, charging him with embezzlement, under which indictment the Governor of Illinois issued a warrant for the extradition of Leo Stauber from Iowa and said warrant was honored by the Governor of Iowa and Leo Stauber was arrested and removed to the county jail of La Salle county. The affidavit alleges that appellee, his former wife, appeared before said grand jury and untruthfully testified before said grand jury, with the result that an indictment was returned against him, charging em-

bezzlement, and it is charged that she, through other persons acting for her, fraudulently procured the warrant of extradition and fraudulently procured it to be honored by the Governor of Iowa. There is no statement showing that the circuit court of La Salle county or the grand jury or the State's Attorney acted fraudulently or improperly in regard to said indictment. The affidavit does not state what appellee testified before said grand jury nor what appellant regarded as untrue in her testimony. It is not stated that appellee was the only witness before said grand jury. Affiant states that he was not guilty of embezzlement. The fact which he states, and upon which he seems to rely as showing that he was not guilty of embezzlement, was that the embezzlement was alleged to have been on July 10, 1910, at which time the decree of divorce had not yet been granted and therefore he was still the husband of appellee, the implication of the affidavit being that he could not legally be guilty of embezzlement from his wife while the divorce proceedings were pending. He does not say that he had not done that with his wife's funds which would have been embezzlement if done after the divorce had been granted. He complains in said affidavit that appellee induced him to leave his home in Clinton, Iowa, and go to Davenport, Iowa, where he was arrested and removed to La Salle county. It is not claimed that it was any further from Clinton, Iowa to the State of Illinois than from Davenport, Iowa to the State of Illinois, and no fact is shown by which he was harmed by going from Clinton to Davenport. It further appears in said affidavit that after the affiant reached Ottawa he gave bail on the charge of embezzlement before this bond was executed, and therefore he was not in duress under said charge of embezzlement when he executed the bond sued on. The only harmful effect to him of the indictment and extradition of Leo Stauber was

that it brought him within the jurisdiction of the circuit court of La Salle county in other matters. The affidavit states that after this bond was executed the indictment was discontinued. Appellee had no power to procure the abandonment of the indictment and the affidavit does not charge that she did. That was the act of the State's Attorney and of the court, which must be presumed to have been for sufficient reasons, which may have been that the State's Attorney concluded that he had not sufficient evidence to convict or that it would be a defense that the marriage relation had not been dissolved when the supposed offense was committed, or that the State's Attorney concluded that the indictment was not sufficient in form. The affidavit set out that two attachments were issued against him by the circuit court of La Salle county and under which attachments alone he was under arrest when this bond was given. One attachment was for violating an injunction issued May 13, 1910, and the other for violation of an order of June 23, 1910. He claims there was a defect in these orders, in that he was not given proper notice thereof. He does not state the nature of either of these orders and does not claim that he had complied with them. It is obvious from the decision in *Stauber v. Stauber, supra,* that he was represented by counsel at many stages of the proceeding, though not the counsel now representing him here. For aught that appears in this affidavit he may have been represented in those proceedings by counsel having full authority to act for him. He says he was sentenced to jail for one year on March 27, 1910, for contempt of court. If that proceeding was in any way irregular or improper, he had a complete remedy by appeal or writ of error. He does not state any fact which would show him not guilty of contempt of court. It is obvious that he was guilty of contempt of court. The decree of divorce required him to pay certain sums as alimony.

He did not pay them. He does not claim in this affidavit that he was poor or unable to pay. He removed from the State, which may have been for the purpose of avoiding payment. This order fixing alimony was discussed by us in *Stauber v. Stauber, supra,* and we there held that said order was in effect requiring him to return to appellee the rest of her property, which he had misappropriated to his own use and which he ought to return. We indicated that when he had returned the principal of what he had received, very likely the allowance of alimony should be materially reduced. The affidavit charges that appellee informed said defendant, Leo Stauber, that this bond was the only way in which Leo Stauber could obtain his release from said imprisonment, and that she agreed that if they gave this bond, he would be released from the county jail and that the charge of embezzlement would be dismissed. It is apparent from the decision in *Stauber v. Stauber, supra,* that he had solicitors during all this time acting for him. He does not state in his affidavit that he was without legal counsel. For aught that appears they may have advised him to execute this bond. It is not to be presumed that when the family council was held in which it was decided to give security for the payment of this alimony the family entered into a bond to pay $10,000 without legal advice. If an imprisonment for contempt of court, of which the defendant is clearly guilty and to which he does not claim to have any meritorious defense, is to be regarded as duress, invalidating the bond by which he secured relief from the imprisonment, then we do not see why in any chancery or criminal case, one securing release from such imprisonment by giving a bond may not invalidate it. We are of the opinion that when this affidavit is considered in connection with the record and with the things which it fails to refer to, it does not show either duress or a meritorious defense, and therefore

it and the affidavits of the father and brothers were properly stricken from the files.

It is said that there is one condition in the bond which was not required by the decree and it is argued that therefore the bond is void. The order requiring the bond is not in the record and therefore we cannot know that the bond contains conditions not required by the decree. If it had been shown that this bond contained a provision not required by the decree, still it is not shown that appellee or her solicitors prepared this bond. It is the bond of the defendants and in the absence of proof, the presumption must be that they or their solicitors prepared it. If so, the bond should not be rendered invalid because defendants inserted something in it that was not required by the decree. Moreover, this is not a suit to enforce that supposedly superfluous condition. It cannot now be known that any occasion to enforce it will ever arise. If, hereafter, appellee shall seek to enforce that condition, its validity may then be open to question; otherwise not.

It is said that "the affidavit of merits" was stricken from the files, whereas there were three such affidavits and it cannot be known which was stricken from the files, and therefore it was error to proceed to judgment. Section 55 of the Practice Act (J. & A. ¶ 8592) provides that plaintiff with an affidavit of claim shall be entitled to judgment unless defendant files with his plea the affidavit of merits therein provided for. It does not require that an insufficient affidavit be stricken from the files. It authorizes a judgment for plaintiff if defendant's affidavit of claim only sets out a defense to a part of plaintiff's claim. *Henry v. Meriam & Morgan Paraffine Co.*, 83 Ill. 461. Of course, in such a case, the affidavit of merits must still remain on file. The case just cited holds that the court may, without striking the plea from the files, disregard it and render judgment as in case of

default. In *Braidwood v. Weiller,* 89 Ill. 606, it is said that the usual way of taking advantage of the want of an affidavit of merits accompanying a plea is by motion for a judgment as in case of default or by motion to strike the plea from the files. To the same effect is *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, pp. 521, 522, and *Reddig v. Looney,* 208 Ill. App. 413. The plea here was stricken from the files and it is obvious that a default would follow whether the affidavits were stricken or not.

Appellee's counsel took the precaution to procure her deposition as she had removed to the State of Washington. Appellants moved to suppress it and to strike it from the files. Those motions were denied and those rulings are assigned for error. We do not find any valid reason why those motions should have been granted. The ruling is therefore approved.

The bond sued on and the deposition of Mrs. Stauber were not offered in evidence upon the hearing on the default. Under the statute above quoted it was not necessary that appellee offer any proof after the plea was stricken from the files, except upon the matter of computation. *New York Nat. Exch. Bank v. Reed,* 232 Ill. 123; *Cramer v. Illinois Commercial Men's Ass'n, supra; Braidwood v. Weiller, supra.*

This suit was begun on September 22, 1913. The *ad damnum* in the declaration was $2,500. The affidavit of claim stated that the suit was to recover four instalments of $500 each, or $2,000, with interest at 5 per cent from the dates stated when they legally became due. The judgment was rendered June 29, 1918, and was for $2,517, being $17 more than the *ad damnum.* It is argued that the judgment is erroneous because it exceeded the *ad damnum* in the declaration. This question was not raised in the trial court. Defendant did not move for a new trial, but did move to set aside the assessment of damages and assigned

several special grounds therefor; and after judgment, moved to set aside the judgment "upon the grounds hereintofore stated." All said grounds are preserved in the bill of exceptions, and they do not refer to the fact that the assessment of damages and the judgment exceeded the *ad damnum* in the declaration. The point was therefore waived. *Leathe v. Thomas*, 218 Ill. 246; *Jones & Laughlin Steel Co. v. Graham*, 273 Ill. 379. The affidavit of claim called for interest at 5 per cent on the several instalments from the dates when they became due. The excess of the judgment over the *ad damnum* was caused by the interest accruing during the latter part of the delay of nearly 5 years between the commencement of the suit and the judgment. We said in *Kewanee Nat. Bank v. Ladd*, 175 Ill. App. 151, on p. 158, that in case of judgment where the *ad damnum* was exceeded by interest accruing during a long delay, the judgment should not be reversed for such excess. We are of opinion that the statement was not entirely correct, but should be modified by adding to it, "where a written motion for a new trial specifies the grounds relied on and such excess is not therein alluded to, and the point is not raised in the court below."

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*