## Paul Albert Kanter, Appellee, v. Continental Assurance Company, Appellant.

### Gen. No. 32,811.

Heard in the third division of this court for the first district at the June term, 1928. Opinion filed January 30, 1929. Rehearing denied February 14, 1929.

GEORGE C. BLISS, for appellant.

SEYMOUR J. FRANK, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The questions brought by this appeal for our review are restricted to the pleadings and the effect of carrying the demurrer of plaintiff to certain of defendant's pleas back to the declaration.

The order of the pleadings is the one count declaration of plaintiff, in which the policy of insurance declared upon is set forth *in haec verba*, and thereby became a part of such count. That being so the duty

of the court is to pass upon its legal purport and effect. *Binz v. Tyler,* 79 Ill. 248.

Defendant on its part interposed a plea of the general issue, also a special plea averring that plaintiff was guilty of making fraudulent answers to certain questions put to him by the medical examiners of defendant, and that but for such fraudulent answers defendant would not have issued to plaintiff its policy in suit. Accompanying these pleas was an affidavit of meritorious defense made by defendant's attorney of record in the trial court and here. To that special plea plaintiff filed a general and special demurrer. The special causes of demurrer set forth are:

1. That the policy in suit is incontestable after one year from its date; and

2. That the matters set forth in that plea had been previously adjudicated by that court in a chancery proceeding.

Thereupon defendant obtained leave to and did file an additional special plea, in which *inter alia* defendant in effect contended that the policy sued upon had been obtained by plaintiff's falsely answering material questions regarding his medical history, and that but for such false answers defendant would not have issued its policy to plaintiff, and that defendant tendered to plaintiff all premiums paid by him on such policy to defendant, which plaintiff refused to accept. To the foregoing two special pleas plaintiff filed a general and special demurrer. Plaintiff assigned as special causes of demurrer the same matters set forth in the special demurrer heretofore recited. Thereafter defendant moved the court to dismiss out of the cause its plea of the general issue and further to carry back such demurrers to the declaration. These motions were allowed. Upon a hearing had, the court sustained the demurrer of plaintiff to the foregoing recited special pleas of defendant and overruled the demurrer

carried back to plaintiff's declaration, and defendant electing to stand by its special pleas and demurrer to the declaration, on motion of plaintiff, the court ordered that defendant's affidavit of meritorious defense be stricken from the files. Whereupon the court on motion of plaintiff entered a judgment against defendant in favor of plaintiff for the sum of $977.80. To all of the foregoing recited orders of the court culminating in the above-named judgment, the defendant duly objected and excepted, and brings the record to this court for review by appeal, and assigns for error and argues for reversal the foregoing actions and orders of the court.

The whole controversy in this case is limited to the construction and applicability of the so-called non-contesting provision of the policy. This provision is found in the policy in the following words:

"This policy and the application therefor (Parts I and II) which is hereby made a part of this contract and a copy of which is hereto attached, constitute the entire contract between the parties hereto, and it shall be incontestable after one year from its date of issue, except for non-payment of premium and except for violation of its conditions relative to military or naval service in time of war. All statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties and no such statement shall avoid this policy unless it be contained in the copy of the application attached to this policy when issued."

The policy in suit is dated November 19, 1923, and was delivered to plaintiff November 29th thereafter, and is both a life and indemnity policy. It provides for the payment upon the insured's death (plaintiff) of the sum of $5,000 under certain conditions of proofs of death, etc., to the beneficiary named, and in case of permanent and total disability, plaintiff should be paid $50 a month during the continuance of such disability.

This disability clause in the policy is in the following words, viz.:

"To waive all premiums and also to pay to the Insured one per cent of the face amount of the policy each month during the continuance of his total and permanent disability if such disability occurs before the anniversary of the policy on which his age at nearest birthday is 60 years."

This one per cent of the amount payable under the policy makes $50 a month.

Defendant seeks to avoid the effect of the incontestable clause of the policy on the contention that it has no application to the supplemental contract which provides for double indemnity in case of permanent injury.

It further contends that the declaration does not state a cause of action and is not proof against the demurrer interposed and also that the special pleas set forth a good defense.

Every essential element necessary to a recovery under the policy is aptly averred in the declaration, which, with the affidavit of claim supporting it, contains a full statement of plaintiff's cause of action within the terms of the policy set forth *in haec verba* in the declaration. *Stauber v. Stauber,* 217 Ill. App. 365, holds as a matter of law, arising from the express terms of the policy, that it and the supplemental contract of indemnity constitute the contract of the parties, and that they must be construed as a unit and not as two separate documents, and further that the noncontestable clause after one year applies to the contract as a whole. With the incontestable clause of the policy in mind, neither of defendant's pleas sets up matter which constituted a defense to the action. It is consequently apparent that the court did not err in sustaining the demurrer to such pleas or in overruling the defendant's demurrer to the declaration.

The incontestable clause in the policy is not only the contract of the parties from which their rights and obligations must be adjudged, but that such clause in the contract is made obligatory by the statutes of this State, and were such clause not in the policy, it would be supplied and read into it in force of such statute. That statute is found in Cahill's St. 1927, ch. 73.

In construing the incontestable clause of the policy the court in *Ramsey v. Old Colony Life Ins. Co.*, 297 Ill. 592, said:

"We have held that the provision in a policy of life insurance that it shall be incontestable after one year from the date of its issue, provided the premiums are duly paid, is a valid provision, which bars the insurer from making any defense against the policy, after the expiration of the contestable period, except for non-payment of premiums, and that after the lapse of that period even fraud in procuring the policy is not available to avoid it. (*Royal Circle v. Achterrath,* 204 Ill. 549; *Flanigan v. Federal Life Ins. Co.,* 231 id. 399; *Weil v. Federal Life Ins. Co.,* 264 id. 425; *Monahan v. Metropolitan Life Ins. Co.,* 283 id. 136). This is in accord with the substantially unanimous decisions of the courts, which hold that the language admits of no reasonable construction other than that the company reserves to itself the right to ascertain all the matters and facts material to its risk and the validity of its contract for one year, and that if within that time it does not ascertain all the facts and does not cancel and rescind the contract it may not do so afterward upon any ground then in existence. When the execution of a contract has been procured by the fraud of one of the parties, the innocent party, upon discovering the fraud, may still insist upon the contract or may rescind it. He must, however, if he desires to repudiate it, do so promptly upon discovering the fraud and

consistently adhere to his intention. By delay or vacillation he waives his right to rescind. The effect of the stipulation in the policy is not to prevent the insurer from annulling the contract upon the ground of the fraudulent representations of the insured, but its practical and intended effect is to create a short statute of limitations in favor of the insured, within which limited period the insurer must, if ever, test the validity of the policy. *Wright v. Mutual Benefit Life Ass'n,* 43 Hun. 61, 118 N. Y. 237; *Massachusetts Benefit Life Ass'n v. Robinson,* 104 Ga. 256; *Clement v. New York Life Ins. Co.,* 101 Tenn. 22; *American Trust Co. v. Life Ins. Co. of Virginia,* 173 N. C. 558; *Murray v. State Mutual Life Assurance Co.,* 22 R. I. 524; *Mutual Life Ins. Co. v. Buford,* 61 Okla. 158; *Metropolitan Life Ins. Co. v. Peeler,* 176 Pac. 938.''

We think the foregoing by analogy is decisive of the instant case on that point.

Such an incontestable clause in a policy must be strictly construed against the insurance company issuing such a policy. In *Fairfield v. Union Life Ins. Co.,* 196 Ill. App. 7, it is said:

'' 'This Policy is Incontestable after one year, except for the nonpayment of premiums,' and no doubt was incorporated in the policies as an inducement to secure business, as it could only have been intended to inure to the benefit of the holder of the policy. Such a provision has been held by our courts to be reasonable . . . and must be strictly construed against the defendant. . . .

'' 'The term ''incontestable'' is of great breadth. It is the ''policy'' which is to be incontestable. We think the language broad enough to cover all grounds for contest not specially excepted in that clause. The word ''policy'' may well be taken to mean a formal document delivered by the company, and containing evidence of an obligation to pay. Such document so delivered is ordinarily contestable, with reference to questions aris-

ing in connection with its delivery and payment of the first premium, as well as with reference to statements contained in the application. . . .

" 'The argument that the policy was not in continuous force is predicated upon an extrinsic fact not appearing upon the face of the policy, to wit, the fact that the assured was not in good health at the date of the delivery of the policy. In setting up, or even in relying upon, this extrinsic fact, the company is contesting its policy as evidence of its obligation. If the company is at liberty to set up this fact after the lapse of more than five years, it is equally at liberty to set it up after the lapse of 40 years. Instead of being an incontestable policy, if we adopt the defendant's argument, the policy is always contestable.'

"We unqualifiedly approve of the reasoning of the court in the aforesaid case. The language in the incontestable clause in the case at bar is clear and explicit, and unquestionably provided that after one year, the policy having been delivered and the first premium paid, said policy could not be avoided save for the ground specially reserved, viz., the failure to pay the premiums. To hold otherwise would utterly destroy the value of any incontestable clause."

The reasoning of the court in case, *supra,* is cogently in point in the instant case, covering, as it does, every material element of the effect of incontestable clauses written in defendant's policy in suit.

Finding no reversible error in the record the judgment of the superior court is affirmed.

*Judgment affirmed.*

WILSON and RYNER, JJ., concur.