HONORA FLANIGAN, Appellee, *vs.* THE FEDERAL LIFE INSURANCE COMPANY, Appellant.

*Opinion filed December 17, 1907.*

1. INSURANCE—*provision making policy incontestable after reasonable period is valid.* A provision of an insurance policy giving the insurer a limited time to test the validity of the policy and ascertain the truth of the representations by the insured is valid, if the period fixed is sufficient to enable the insurer, by proper diligence, to ascertain whether fraud has been practiced upon it or not.

2. SAME—*what is bar to defense of fraudulent representations.* A provision making a life policy incontestable after one year from its issue, if the premiums are paid, is a bar to the defense of fraudulent representations by the insured in his application, even though the insurer claims it had no knowledge of such fraud until after the death of the insured, where such death took place more than three years after the policy was issued, during which time the premiums were paid and the insurer was inactive and apparently unconcerned as to the truth of such representations.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

C. A. ATKINSON, and DYER & WALLBRIDGE, for appellant.

C. M. BRIGGS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Honora Flanigan, brought this suit in the circuit court of Vermilion county against the appellant, Federal Life Insurance Company, on a policy of insurance issued by the appellant insuring the life of James Flanigan, husband of appellee. By her amended declaration the plaintiff alleged that the insurance policy was issued on Novem-

ber 8, 1901; that the defendant thereby, in consideration of
the payment of an annual premium of $22.90, insured the
life of said James Flanigan for the sum of $1000, payable
to the plaintiff on satisfactory proof of the death of said
James Flanigan; that said James Flanigan died on April 6,
1905; that proof of his death was made according to the
terms and conditions of the policy, and that all the premiums
had been duly paid up to the time of his death. To
this declaration the defendant filed a plea of the general issue
and seven special pleas, alleging fraud on the part of
James Flanigan in procuring the issuing of the policy of
insurance by making false answers concerning his health
and the cause of death of his parents and relatives, to questions
contained in the application for insurance. The plaintiff
filed a replication to all these pleas, setting out a clause
of the policy as follows: "This policy shall be incontestable
after one year from the date of issue, for the amount due,
provided the premiums are duly paid," and alleging that a
period of more than one year elapsed after the issuing of
the policy before the death of the insured, and that all the
premiums had been duly paid and all conditions of the policy
complied with. To that replication the defendant filed
a general demurrer. The plaintiff, by leave of court, then
filed an additional count to her declaration, claiming interest.
The demurrer to the replication was overruled, whereupon
the defendant withdrew its plea of the general issue and
elected to stand by the demurrer, and the plaintiff withdrew
her additional count for interest. The court entered judgment
against the defendant for $1056 and costs. An appeal
was taken to the Appellate Court for the Third District,
where the judgment was affirmed, and this further appeal
was prosecuted.

The question to be considered is whether the provision
of the policy set forth in the replication, together with the
facts alleged that more than one year elapsed after the is-

suing of the policy before the death of the insured and that all premiums were paid, constituted a bar to the defense that false and fraudulent answers were given by the insured in his application for the policy. Such stipulations which give to the insurer a limited period for the purpose of testing the validity of the policy and ascertaining the truth of the representations made are valid and binding, provided the period fixed is sufficient to enable the insurer, by the exercise of proper diligence, to ascertain whether fraud has been practiced or not. (*Royal Circle* v. *Achterrath,* 204 Ill. 549.) In each of the special pleas it was alleged that knowledge of the falsity of the answer therein set forth did not come to the defendant until after the death of the insured, but no fact was alleged which would lead to the conclusion that the period of one year was not ample time, in the exercise of proper diligence, to ascertain whether the answers made were true or not. According to the averments of the declaration the policy was issued on November 8, 1901, and the death of the insured occurred on April 6, 1905, and during the intervening period the premiums were regularly paid. So far as appears from the pleas the insurer, during that period of about three and one-half years, was indifferent, inactive and unconcerned as to the truth of the answers made by the insured, and the replication presented a complete bar to the claim of fraud.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE VICKERS took no part in the decision of this case.