Winifred Baker, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 37,679.

Opinion filed January 28, 1935. Rehearing denied February 11, 1935.

Hoyne, O'Connor & Rubinkam, of Chicago, for appellant.

DANAHER & GARRIOTT and I. R. Ross, all of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, the beneficiary named in two certificates issued to her husband under a group life insurance policy, brought suit to recover the face value of the certificates, with interest thereon. At the close of the evidence there was a directed verdict in plaintiff's favor for $8,420, being the amount of her claim; judgment was entered on the verdict, and defendant appeals.

The record discloses that on October 1, 1924, defendant insurance company issued its policy, in which it was named as the beneficiary, insuring the lives of certain of its employees. Afterward, on December 3, 1926, the defendant issued its certificate insuring "the life of—GILBERT W. BAKER—an employee included in the said group of employees, for the amount of—FOUR THOUSAND—DOLLARS, payable to . . . WINIFRED BAKER, Wife of said employee . . . upon receipt of due proof of the death of said employee while the insurance on the life of said employee under said Policy is in force." On June 1, 1928, defendant issued another certificate for $4,000, the terms of which are identical with the terms of the first certificate. These certificates were issued pursuant to written application made by the insured, Gilbert W. Baker, dated December 3, 1926, and June 1, 1928, respectively. In these applications Baker states that he is an agent of the defendant in the Chicago district and applies to defendant for life insurance in accordance with the terms of the Prudential group insurance plan, as amended. In the first application he authorizes the Insurance company to deduct from his salary $2.40 a month "in payment of $4,000 of insurance," and in the

second application he authorizes the company to deduct from his salary $5.20 a month in payment of $8,000 insurance; and it is stated this authorization supersedes the previous authorization made by him. The group insurance policy issued by defendant insured certain employees of defendant. The policy named the Prudential Insurance Company of America, which was designated in the policy as the Employer.

The policy contained the following provisions: "THE INSURED hereunder are the several persons named in the SCHEDULE OF EMPLOYEES forming part of the Application above referred to, said persons being all the employees of—THE PRUDENTIAL INSURANCE COMPANY OF AMERICA—herein designated as the Employer, that have agreed to be included in the group or class defined in the Application. . . . THE PREMIUM hereunder, payable to the Employer, shall be the sum of the several premiums for the individual amounts insured, computed upon the basis of the table of term premiums on the second page hereof for the respective ages, nearest birthday, of the Insured. . . .

"If any premium be not paid when due, this Policy shall be void and all premiums forfeited to the Company except as herein provided.

"It is understood that the Employer and the Employees shall contribute jointly towards the payment of the premiums, and that the contribution of the Employer shall not be less than . . . 1% . . . per cent, of the total premium and that the contribution of an individual Employee shall not be more than 60 cents per month for each $1,000 of insurance.

"Grace in Payment of Premiums.—In the payment of any premium under this Policy except the first, a grace of thirty-one days without interest will be allowed, during which time the Policy will remain in force.

"Termination of Individual Insurance.—Irrespective of any other mode of termination the insurance upon the life of any person insured hereunder shall cease and determine upon termination of the employment of such person with the Employer, upon receipt by the Company of written notification to that effect from the Employer, except that at the option of the Employer employees temporarily laid off, on leave of absence or temporarily disabled shall during such periods be considered as being in the employ of the Employer. Such written notification by the Employer of any termination of insurance shall be satisfactory evidence that such insurance has terminated and shall release the Company from all claims on account of the insurance so terminated, except as to the right of conversion as herein provided. . . .

"Incontestability.—This Policy, except for non-payment of premiums, shall be incontestable one year from its date of issue, but if the age of any person insured hereunder shall have been mis-stated the amount of the premium actually paid for the insurance on his (or her) life shall be adjusted accordingly. . . .

"The Company will issue to the Employer for delivery to each person insured under this Policy an individual certificate setting forth the insurance protection to which such person is entitled hereunder and to whom such insurance is payable, together with a provision that when the insurance on the life of any person insured hereunder shall terminate by reason of termination of employment, as herein provided, the Company will upon application by such person within thirty-one days after the date of such termination, without evidence of insurability, issue a policy upon the life of such person . . . for the same amount as such person was insured for under this Policy at the time of said termination of employment, subject to the payment of the premium for such policy at the then

current rates of the Company according to the occupation of and at the age attained by such person at that time. . . ."

The two certificates issued to Gilbert W. Baker, pursuant to his application, provide that "The Prudential Insurance Company of America in accordance with and subject to the terms and conditions of its Group Policy No.—1690, (policy in question) insuring the lives of a group of the employees of The Prudential Insurance Company of America Newark, New Jersey, has insured the life of—GILBERT W. BAKER—an employee included in the said group of employees, for the amount of—FOUR THOUSAND—DOLLARS, payable to the Beneficiary designated by said employee upon receipt of due proof of the death of said employee while the insurance on the life of said employee under said Policy is in force. . . .

"Conversion of Insurance.—When the insurance on the life of said employee shall terminate by reason of termination of employment for any reason whatsoever, the Company will issue, upon application by said employee within thirty-one days after the date of such termination, without evidence of insurability, a policy on his or her life."

The evidence tends to show that on January 7, 1932, Gilbert W. Baker, the insured, was discharged by his employer for good and sufficient reasons, and defendant was notified of this fact January 22, 1932; that the premium on the group policy for January was paid; that $5.20 had been deducted from Baker's salary in part payment of the January premium, in accordance with the authority given the employer by Baker; that Baker died February 7, 1932, and that he had not worked for the assured since the time of his discharge.

Plaintiff contends that the certificate issued to Baker and the group policy must be construed together. With this contention the defendant agrees. . We think this contention is sound, and in arriving at the rights

of the parties the certificates and the policies must be considered together. Adopting this view of the case, plaintiff contends that the ''Incontestable clause'' of the policy is in full force and effect and that defendant can make no defense except nonpayment of the premium, and that since the January premium was paid and since the policy allowed a grace of 31 days in the payment of the premium, it was in full force and effect on February 7th, when Baker died. This view was adopted by the trial court and evidence offered by defendant tending to show the policy was not in effect because Baker was discharged on January 7th was excluded. This ruling was erroneous.

From the material provisions of the policy and the certificates from which we have above quoted, it is clear that the policy covered only the employees of the insured. It did not cover an employee after he had been discharged. After his discharge he had the right to take out a policy for himself, if he so desired, in accordance with the provision for conversion, from which we have above quoted. The incontestable provision did not prevent the defendant insurance company from showing that the policy was no longer in effect because Baker had been discharged a month before his death. That provision of the policy would prevent the defendant in the instant case from contending that the policy was obtained by fraud or misrepresentation or upon any other ground, going to the original validity of the policy. *Clement v. New York Life Ins. Co.,* 101 Tenn. 22; *Home Life Ins. Co. v. Masterson,* 180 Ark. 170; *Flanigan v. Federal Life Ins. Co.,* 231 Ill. 399; *Weil v. Federal Life Ins. Co.,* 264 Ill. 425; *Matter of Metropolitan Life Ins. Co. v. Conway,* 252 N. Y. 449; *Equitable Life Assur. Soc. v. Florence,* 47 Ga. App. 711; *Massachusetts Benefit Life Ass'n v. Robinson,* 104 Ga. 256; *Magee v. Equitable Life Assur. Soc.,* 62 N. D. 614; *Davis v. Metropolitan Life Ins. Co.,* 161 Tenn. 655.

In *Clement v. New York Life Ins. Co.*, 101 Tenn. 22, which was a suit on an insurance policy containing a provision that after the policy had been in force one year the company would not contest its payment provided premiums had been paid, it was held that after the policy had been in effect for more than one year payment of it could not be contested on the ground that it was obtained by fraud or upon any other ground going to the original validity of the policy.

In *Flanigan v. Federal Life Ins. Co.*, 231 Ill. 399, it was held that a provision in a life insurance policy, making it incontestable after one year from its issue if the premiums were paid, was a bar to the defense of fraudulent representation made by the assured in his application even though the insurer claims to have had no knowledge of such fraud until after the death of the insured, where the death took place more than three years after the policy was issued.

In *Weil v. Federal Life Ins. Co.*, 264 Ill. 425, it was held that a clause in the insurance policy that it should be incontestable after one year from the date of its issue provided the premiums were paid, was a valid provision and after one year the defense that the policy was obtained by fraud could not be made.

In *Matter of Metropolitan Life Ins. Co. v. Conway*, 252 N. Y. 449, it was held that a statute of that State which provided that every insurance policy should be incontestable after it had been in force during the lifetime of the insured for a period of two years, except for nonpayment of premiums, only meant that within the limits of the coverage the policy should stand unaffected by any defense that it was invalid in its inception. The court there, speaking by Chief Judge Cardozo, said (p. 452): "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a

definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid by reason of a condition broken."

*Equitable Life Assur. Soc. v. Florence,* 47 Ga. App. 711, was a suit on a certificate issued under a group policy. The question arose as to whether at the time the certificate was issued the relationship of employer and employee existed. It was contended this could not be shown because of an incontestable clause. In discussing this question the court there said (p. 319): "It cannot be doubted that the relation must exist at the time the loss occurs."

And in discussing this question the Supreme Court of Georgia, in *Massachusetts Benefit Life Ass'n v. Robinson,* 104 Ga. 256, said (pp. 270, 271): "The contract entered into between the insurer and the insured in the 'incontestable clause' is, in effect, that the insurer says on his part, pay me your premiums according to the terms of the contract, and I will pay at your death to the beneficiaries named in the policy the amount thereof, without regard to the statements which you made in your application, whether they be true, or whether they be false."

Under the foregoing authorities, and in view of the express provisions of the policy and the certificates in the instant case, we are clearly of opinion that an employee of the insured, such as Baker was, is not covered by the policy after he has been discharged by his employer. And the provision in the policy allowing a grace of 31 days for the payment of the premium is in no way applicable to the facts in the case before us. Had Baker lived he could not have paid the premium to the defendant insurance company; that was payable by his employer although part of the money would come from him. The employer could not pay

the premium for February because it had theretofore discharged Baker.

The judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

McSurely and Matchett, JJ., concur.