## HENYEY v
## METROPOLITAN LIFE INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15439. Decided June 29, 1936

Patterson, O'Brien & Holland, Cleveland, for plaintiff-appellee.

Foote, Bushnell, Burgess & Chandler, Cleveland, for defendant-appellant.

### OPINION

By LIEGHLEY, PJ.

The plaintiff filed an action in the Municipal Court of the City of Cleveland, to recover judgment for life insurance under a group policy in the sum of $1500.00, plus interest, upon the life of her former husband, Albert Henyey, deceased. Judgment was rendered in favor of plaintiff for the full amount. A motion for new trial was overruled, and the cause appealed to this court on questions of law.

Albert Henyey during his lifetime was an employee of The National Biscuit Com-

pany, hereinafter referred to as the "Employer." The defendant will be hereafter referred to as the "Company" and Albert Henyey as "Employee."

During the year 1925 the Company issued its group policy insuring the lives of certain employees of said Employer. The employer carried such policy throughout the period involved in this inquiry. An employee obtained coverage under said group policy by making application therefor to the Company and agreeing to a deduction of fifty cents per month from his wages by his Employer to partially cover the cost of insurance premiums paid by his employer. In 1925 such application was made by Albert Henyey and a certificate of coverage issued to him thereunder on December 1, 1925, in the amount of $1500.00.

On January 30, 1933, the Employer discharged said Employee for reasons satisfactory to itself, paid him his wages due and a further sum of over $100.00. Said Employee did not work for his Employer after January 30, 1933, and died March 3, 1933. There is dispute about the date when his employment terminated.

It was contended in the trial court that the insurance was not in force at the time of his death, inasmuch as he was not in the employ of his employer.

The trial court made separate findings of fact and law. One finding of fact was that the relation of employer and employee terminated on January 30, 1933.

Said group policy provides among other conditions as follows:

"6. INSURANCE TO BE DISCONTINUED: The Employer agrees to report to the Company, in writing, not later than the 15th day of each calendar month.

(a). The names of all persons insured hereunder, not previously reported, who shall have ceased to be in its employment since the 15th day of the preceding calendar month, together with the date when such Employee left said employment. The insurance hereunder, as to each such Employee, shall be discontinued as of the date when such Employee left the employ of the Employer."

* * *

"10. CERTIFICATE OF INSURANCE: * * * Upon termination of employment in the manner referred to in §6 (a) hereof, the insurance on any discontinued Employee under this policy automatically terminates, and the Company shall be released from any further liability of any kind on account of such person unless an individual

policy is issued in accordance with the above provision."

It is the contention of the Company that these provisions are clear and unambiguous. It is contended that this contract of insurance evidenced by this group policy is specific that the coverage terminated with the termination of the employment.

Plaintiff claims that the sum of fifty cents per month from the wages of decedent was deducted to pay the portion of the premiums covering the certificate issued to the Employee and that this deduction was made for payment of premiums in advance.

It is said that such deduction was made as of the 15th day of each month, and that the deduction of and for January 15, 1933, paid for coverage to February 15, 1933. Then it is the further contention of plaintiff that the statute, §9420 GC, extends said insurance or coverage for thirty days beyond said date within which period his death occurred.

It should be noted that there is a failure of proof to disclose to what period the last deduction applied although an inference is sought to be drawn from former methods of deduction and application thereof that it covered the month ending February 15, 1933.

Sec 9420 GC, is the section upon which reliance is placed for a grace of one month for payment of premiums, which reads in part as follows:

"POLICIES OTHER THAN STANDARD FORMS: No policy of life insurance in form other than as provided in §§9412 to 9417 GC, both inclusive, shall be issued or delivered in this state * * * unless the same shall contain the following provisions: * * *

(2) A provision for a grace of one month for the payment of every premium after the first * * * during which month the insurance shall continue in force * * *."

The group policy upon which this action is based provides for a grace of thirty-one days to the Employer to pay the premiums. No provision of grace is extended to the Employee to make his contribution to the Employer for premium purposes.

The provision in the group policy referred to, follows:

"2. A grace of thirty-one days shall be granted to the Employer for the payment of every premium after the first, during

which period the insurance shall continue in force." (Provision 3, 2nd paragraph).

The certificate of the Employee depended completely upon the existence of the group policy. The rights of the Employee were prescribed by and limited to such as were established by the contract of insurance existing between the Company and the Employer. The rights of the Employee certainly could rise no higher.

It is conceded that the Employee did no work for his Employer after January 30th, 1933. The trial court correctly found that the employment then ceased. The group policy specifically provides that the insurance on any discontinued Employee automatically terminates upon termination of employment. It specifically provides that the insurance shall be discontinued as of that date. This language admits of no doubt of its meaning. The limitation of insurance of an employee is emphatically expressed and declared to end with the end of his employment.

But plaintiff invokes §9420 GC, and by virtue thereof claims the grace period granted thereby extends coverage beyond the date of death.

This statute and the group policy provided a grace period of a month for the payment of premiums. It is assumed that the grace is extended to the one obligated to pay premiums. This policy expressly grants a grace period to the Employer. The Employee contributed to his Employer a fraction of the cost of maintaining his certificate. If this Employee had died while employed, the liability of the Company could not be denied very successfully upon the ground that the Employee was in default in his monthly contribution to his Employer for some reason.

The grace period is a liberality extended for the payment of premiums to one who owes premiums during which time the insurance shall continue in force. The grace period is granted for the purpose only of extending the time for paying premiums. It is an indulgence period. This policy ended this insurance when employment ceased. No further premiums were due and owing. A grace period would not restore the insurance unless perhaps in the event of re-employment and voluntary acceptance of premiums to cover this certificate.

Finally, it is our conclusion that the right to insurance under this group policy and certificate issued to this Employee terminated with the termination of his employment on January 30, 1933.

Citing without discussing some of the authorities upon which our conclusions are based:

Davis v Metropolitan Life Ins. Co., **161** Tenn. 665.

Baker v Prudential Insurance Company, 279 Ill. App. 5.

Douglass v Metropolitan Life Ins. Co., 297 SW 87.

Equitable Life Insurance Co. v Greene, 227 Ky. 431.

Bessey v Travelers Insurance Company, 267 Mass. 138.

**Thull v Equitable Life Assurance Society, 40 Oh Ap 486, (11 Abs 496).**

**Aetna Life Insurance Co. v Lambright, 32 Oh Ap 10.**

The judgment is reversed as contrary to law for the reasons above stated and final judgment rendered for appellant.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents.