HARVEY A. CRAWFORD, Plaintiff-Appellee, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant-Appellant.

(No. 72-9;

Third District—October 17, 1972.

William Walker, of Rock Island, for appellant.

Frank G. Schubert, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Harvey Crawford, brought this action as beneficiary of an insurance policy issued by the Defendant, The Equitable Life Assurance Society of the United States, on the life of the plaintiff's wife. The defendant refused payment based upon its claim that the insured was ineligible for coverage under the policy. After issues were joined plaintiff moved for summary judgment which motion was granted by the Circuit Court of Rock Island County. Defendant insurer has appealed from such judgment.

Defendant, the Equitable Life Assurance Society of the United States, issued group insurance to the National Warm Air Heating and Air Conditioning Group Insurance Trust, a multiple-employer group which policy was effective January 1, 1965. That policy contained an eligibility provision which provided, *inter alia*, that employee as used in the policy referred to full time employees providing further by way of exception that "Employees whose work week calls for a schedule of less than thirty-two hours shall not be eligible for insurance hereunder". The policy also contained an incontestable clause which provided that: "Incontestability. The validity of this policy shall not be contested, except for the non-payment of premiums, after it has been in force for two years from its date of issue; and no statement made by any employee insured under this policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance has been in force prior to the contest for a period of two years during such employee's lifetime nor unless it is contained in a written application signed by such employee and a copy of such application is or has been furnished to such employee or to his beneficiary."

On December 23, 1964, plaintiff enrolled in the Group Insurance Trust under the name Crawford Heating and Cooling Co., Inc. at which time he included for membership the decedent, his wife, Rose Crawford. On the same date the decedent filed an individual acceptance card wherein she stated that she was an active proprietor, partner, officer of Crawford Heating & Cooling Co., Inc. earning a salary in excess of $7,500 and working in excess of 32 hours per week for said employer. Subsequently an individual certificate, effective January 1, 1965, was issued to said decedent which certificate was made subject to the terms of the Group Policy and which purportedly insured her life in the sum of $10,000. Plaintiff paid all premiums and each of the 49 payments contained a separate written representation that decedent worked 32 or more hours per week. On February 1, 1969, Rose Crawford died leaving plaintiff as the beneficiary under the policy. The office of the trust was notified of her death and was furnished a certified copy of the death certificate wherein it was stated that decedent's usual occupation was that of house-

wife. On April 3, 1969, defendant investigated decedent's status as an employee of Crawford Heating & Cooling Co., Inc. at which time it was ascertained for the first time that decedent was not and never had been a full-time employee of said employer. Upon receipt of this information defendant denied coverage and refused to honor plaintiff's claim for insurance benefits, which denial was based upon the failure of decedent to meet the eligibility requirements of the policy. Plaintiff thereupon brought suit against defendant on the policy. It was stipulated by plaintiff that decedent at no time met the eligibility requirements of the Group Policy. It was plaintiff's theory advanced in support of his motion for summary judgment and renewed in this court in support of the trial court's action that defendant was precluded from asserting the defense of ineligibility because of the incontestability provision of the policy. On this appeal defendant argues the incontestability clause does not bar the defense of ineligibility based on misrepresentation.

Both parties agree that the principal issue is whether the eligibility requirement (employment for at least 32 hours per week) is a condition of coverage or a limitation of risk. It is also agreed by the parties there are no Illinois authorities controlling the resolution of this issue and that between the rule applicable in different jurisdictions there is a substantial split in the authorities. The trial court applied the rule laid down in *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y.2d 262, 247 N.E.2d 655, and the defendant on this appeal urges the rule in *Simpson* be rejected and instead the rule as announced in *Fisher v. United States Life Insurance Co. in the City of New York* (4th Cir. 1957), 249 F.2d 879, be applied.

Before discussing the several cases representing the differing points of view on the issue involved in this case it should be observed that *Metropolitan Life Insurance Co. v. Conway*, 252 N.Y. 449, 169 N.E. 642, is relied upon by both lines of authorities. As observed in the *Conway* case, "The provision that a policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken. * * * [W]ith such a clause the death of the insured, coupled with the payment of the premiums, will sustain a recovery in the face of a forfeiting condition. It is quite another thing to say that the same facts will prevail against a refusal to assume the risk". Neither the foregoing observations of the court nor the factual context of the case offer a definitive basis for resolving an issue such as the one presented by the case at bar.

In the *Conway* case the court was concerned with a provision of the policy excluding coverage if the insured's death resulted from his being a passenger or pilot in an airplane unless a commercial airplane. The *Conway* case approved and was based largely on *Flannagan v. Provident Life & Accident Insurance Co.* (4th Cir. 1927), 22 F.2d 136, which in turn involved a provision excluding "[A]ccidents encountered while insured is intoxicated". Thus it can be seen that neither the *Conway* case nor the *Flannagan* case involve eligibility or misrepresentation with regard thereto.

The principal cases relied upon by defendant are *Fisher v. United States Life Insurance Co. in the City of New York* (4th Cir. 1957), 249 F.2d 879; *First Pennsylvania Banking & Trust Co. v. United States Life Insurance Co. in the City of New York* (3rd Cir. 1969), 421 F.2d 959; *Gill v. General American Life Insurance Co.* (8th Cir. 1970), 434 F.2d 1057 and *General American Life Insurance Co. v. Charleville* (1971), 471 S.W.2d 231. In support of his position plaintiff relies on *Simpson v. Phoenix Mutual Life Insurance Co.* (1969), 24 N.Y.2d 262, 247 N.E.2d 655; *John Hancock Mutual Life Insurance Co. v. Dorman* (1937 Ca9 Cal), 108 F.2d 220; *Morris v. Missouri State Life Insurance Co.* (1933), 114 W.Va. 278, 171 S.E. 740; *Poffenbarger v. New York Life Insurance Co.* (1933), 277 F.Supp. 726, D.C.W. Va. and *Cragun v. The Bankers Life Co.* (1972), 497 P.2d 641, (S.Ct.Utah). The lines of authorities are irreconcilable and the question to be resolved is the determination of the current prevailing rule or trend. It is instructive in this respect to consider the three principal cases cited and discussed at length by the parties namely, *Fisher v. United States Life Insurance Co. in the City of New York* (4th Cir. 1957), 249 F.2d 879; *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y.2d 262, 247 N.E.2d 655; and *First Pennsylvania Banking & Trust Co. et al. v. U.S. Life Insurance Co. in the City of New York* (3rd Cir. 1969), 421 F.2d 959.

The defendant in the case at bar has advanced most of the reasons and observations set forth in the *Fisher* case where the court attempted to determine and apply the law of New York in the absence of controlling State decisions. The argument is advanced that assertion of the defense is not a contest of the policy but rather an effort to enforce the policy, that eligibility refers to the risk which the insurer intends to assume, that the selection of the class of full time employees is a significant underwriting factor and finally that the self administrative purpose of group policies is contrary to any requirement of investigation by the insurer. Based on such reasoning the court in *Fisher* concluded the insurer could urge the defense that the insured was not a full time employee at the in-

ception of the coverage and hence the beneficiary was not entitled to recover.

In *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y.2d 262, 247 N.E.2d 655, decided some twelve years later, the highest court for the state of New York reached a precisely contrary result to that in *Fisher* and *sub silentio* rejected the reasoning of the court in *Fisher*. In *Simpson,* the court analyzed the reasons for including incontestable provisions in an insurance policy and concluded that there were no special qualities of group policies including incontestable provisions which ought to limit or obviate the effect of the incontestable clause. The court concluded that the insurer could not argue the insured's misrepresentation of his employment status as a defense after the incontestable period had expired.

*First Pennsylvania Banking & Trust Co. v. United States Life Insurance Co. in the City of New York* (3rd Cir. 1969), 421 F.2d 959, is the case principally relied upon by defendant in support of its contention that the *Fisher* rule rather than the *Simpson* rule represents the prevailing view. In particular the defendant cites the following quotation from *First Pennsylvania* namely, "Although *Simpson v. Phoenix Mutual Life Insurance Co.* (1968), 30 A.D.2d 265, 291 N.Y.S.2d 532, reaches a different conclusion, since there are no Pennsylvania decisions on this point, we are in agreement that if the precise point came before a Pennsylvania court it would follow the logic and reasoning of *Fisher, supra.* For, as pointed out, the court below concerns itself (with) whether the decedent was covered by the policy, a matter of coverage, and does not go to the invalidity of the policy itself." The aforementioned quotation suggests a preference by the court for the *Fisher* case but as an expression of preference it is only *dicta* there having been no cross appeal from the trial court's decision that the incontestable clause was inapplicable. The only question decided in the *First Pennsylvania* case related to whether the insurer had waived the eligibility requirement of full time employment required in a group life policy, the majority of the court reversing the trial court's holding that such waiver had occurred as a matter of law. In contrast to part of the reasoning in the *Fisher* case the facts in the *First Pennsylvania* case indicate that the insurer did investigate the eligibility of the members of the group not only once but twice. It would thus appear that the burden of investigation which the *Fisher* case thought inappropriate is not impractical in a group life policy. Under these circumstances the *First Pennsylvania* case is of little support for the contention that *Fisher* should be the precedent applicable.

Regarding incontestability clauses 43 Am.Jur.2d, Ins., Sec. 1156 ob-

serves, "The decisions are in harmony in holding that clauses of this kind are valid where the period specified gives a reasonable time for investigation, and that after the expiration of the designated period they are effectual to bar the insurer from asserting defenses within the scope of the clause, including fraud on the part of the insured. The reasoning of the courts is that such provisions merely provide for a short period of limitations, and that where this period is of sufficient length to enable the insurer to discover fraud, it is not against public policy or repugnant to a statute providing that all contracts having for their object the exemption of one from responsibility for his own fraud are against the policy of the law." In accord see *Ramsey v. Old Colonial Life Insurance Co.* (1921), 297 Ill. 592, 131 N.E. 108.

It is our conclusion that the reasoning and result in *Simpson v. Phoenix Mutual Life Insurance Co.*, 24 N.Y.2d 262, 247 N.E.2d 655, is in accord with the general principles relating to incontestable provisions and supports the action of the trial court in its holding the insurer was barred from asserting as a defense the decedent's misrepresentation of her employment status. Arguments were also advanced as to whether the insurer had waived the eligibility requirement but in view of our decision that the incontestability clause was applicable to the defense urged we find it unnecessary to consider that aspect of the case.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and SCOTT, JJ., concur.